WILLIAM E. DOYLE, Circuit Judge.
 

 The case which we are called upon to review is a bankruptcy matter having to do with property of certain debtors, Colorado Energy Supply and Mor Pri, Inc. On February 1, 1983, following the sale of the debtors’ property, the Bankruptcy Court for the District of Colorado took jurisdiction and issued an order in which it disbursed proceeds of sale proceeds to the auctioneer, appellee National Acceptance Company, and allowed certain allowable costs. Denied was any disbursement to appellant, Obed Price, the debtor Mor Pri’s landlord. The bankruptcy court ruled that Price’s claim for rent was not an allowable cost of sale. Price was referred to his remedy against the debtor’s estate pursuant to 11 U.S.C. § 503. For a number of reasons the claim of Price was not granted.
 

 Following the entry of the judgment by the bankruptcy court, Price filed notice of appeal and simultaneously filed a motion for an extension of time for filing the notice of appeal pursuant to Federal Rule of Bankruptcy 802. The difficulty was that notice of appeal was not filed until after the period allowed by Bankruptcy Rule 802(a). In addition, the motion for extension was filed out of time. The motion, however, alleged excusable neglect. Very soon thereafter the bankruptcy court ruled that the motion for extension of time was moot and that the filing of the notice of appeal divested the bankruptcy court of jurisdiction to consider the motion.
 

 Later, on February 22, 1983, the appellant filed notice of appeal in the district court of the February 18 order. It also filed a motion to approve an extension of time to file the notice of appeal under Rule 802(c). On March 7, 1983 the district court dismissed the appeal on the ground that the appellant had failed in the bankruptcy court to timely file a motion for an extension of time under Rule 802(c). Subsequently there was a denial of appellant’s motion for reconsideration and the present appeal in this court took place.
 

 The contentions of Price are generally as follows.
 

 1. That the instant proceeding was related to Title 11 and therefore did not become final until approved by the district court;
 

 2. That the motion of Price for an extension of time ought to have been granted; and
 

 3. The Interim Operating Rule which adopted the Bankruptcy Rules in order to carry on the bankruptcy proceedings were said to.have deprived Price of substantive rights.
 

 
 *1285
 
 Our conclusion is that the arguments made are not meritorious and further we are of the opinion that the district court and the bankruptcy court should be affirmed.
 

 In general Mr. Price, through his attorney, seeks to obtain a broad scale ruling as to the holding in
 
 Northern Pipeline Const. Co. v. Marathon Pipe Line Co.,
 
 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), so that Price can keep his claim alive. Otherwise he must abide by the ruling of the bankruptcy court which was against him on procedural matters.
 

 The effect of the appeal is to seek a broad interpretation of
 
 Marathon, supra,
 
 so as to obtain a ruling that there is no jurisdiction whatsoever in the bankruptcy court to render a final order regarding the problem that is presented here.
 

 Even though the essence of the problem here deals with a pure bankruptcy matter, in which the court was called upon to administer a bankrupt estate, and the orders were of this character, the appellant, nonetheless, maintains that this is in fact and in law an adversary, sometimes called a related proceeding and, thus, only an Article III court can decide it. This we refuse to do because it would repudiate the
 
 Marathon
 
 case, which in essence properly takes a very narrow view of the difference between a related proceeding which must be filed and tried in a state or federal Article III court and which is beyond the jurisdiction of a bankruptcy court, and a bankruptcy proceeding. In other words if we follow the suggestion of Mr. Price, we would have to hold that virtually all matters before the bankruptcy court are related matters which can be determined only by a court of unlimited jurisdiction like the state court or the federal court, in which jurisdiction is based upon Article III of the Constitution. It is not possible to reach the conclusion which has been recommended.
 

 Bankruptcy Rule 801 demands that an appellant file a notice of appeal from a judgment or order of the bankruptcy court, if it wishes to appeal, in accordance with Rule 802. Rule 801 makes clear that compliance with the filing requirement is an absolute prerequisite to the district court’s jurisdiction to hear the appeal. Rule 802 provides:
 

 The notice of appeal shall be filed within 10 days of the date of the entry of the judgment or order appealed from.... The referee may extend the time for filing the notice of appeal by any party for a period not to exceed 20 days from the expiration of the time otherwise prescribed by this rule.
 

 A request to extend the time for filing a notice of appeal must be made before such time has expired, except that a request made after the expiration of such time may be granted upon a showing of excusable neglect if the judgment or order does not authorize the sale of any property.
 

 There is no dispute whatsoever about the lateness of the filing of the notice of appeal. Nor can it be disputed that the appellant sought to get an extension of time and did so after the 10 day period prescribed by the law. The rule just referred to requires that these documents be filed prior to the running of the 10 day period. But, as indicated, there was not a timely filing of either the notice of appeal or the request for an extension. The date in question depends on whether the case is one arising under Title 11 or a case related to Title 11. The
 
 Marathon
 
 opinion holds that “related proceedings” must be adjudicated by Article III courts. Related proceedings as referred to in
 
 Marathon, supra,
 
 are adversary cases or controversies which are triable only by Article III courts or state courts.
 
 See Marathon,
 
 458 U.S. at 92, 102 S.Ct. at 2882. The court’s holding is quite limited. It pertains only to the proposition that a “traditional state common-law action, not made subject to a federal rule of decision, and related only peripherally to an adjudication of bankruptcy under federal law, must, absent the consent of the litigants, be heard by an Article III court if it is to be heard by any court or agency of the United States.”
 
 Marathon,
 
 458 U.S. at 92, 102 S.Ct. at 2882 (Chief Justice Burger, dissenting). The bankruptcy courts may adjudicate claims
 
 *1286
 
 arising directly out of Title 11. Consistent with
 
 Marathon,
 
 the Interim Operating Rule has defined related proceedings, that is, proceedings other than matters heard by the bankruptcy court, as follows:
 

 Related proceedings are those civil proceedings that, in the absence of a petition in bankruptcy, could have been brought in a district court or state court.... Related proceedings do not include: contested and uncontested matters concerning the administration of the estate; allowance of and objection to claims against the estate.. ..
 

 It is plain that the matters before us are contested matters concerning the administration of the estate, and allowance of and objection to claims against the estate. All these things are integral to the administration of the bankruptcy estate.
 

 The Interim Operating Rule which has been adopted and put into force in order to keep the system alive, provides:
 

 In related proceedings the bankruptcy court may not enter a judgment or dis-positive order, but shall submit findings, conclusions, and a proposed judgment or order to the district judge, unless the parties to the proceeding consent to entry of the judgment or order by the bankruptcy judge.
 

 The contention here on the part of appellant is that the instant case was related to Title 11, and that the entry of the order by the bankruptcy judge did not begin the running of the ten-day filing period. This has no merit. Clearly this was an action which arose under Title 11. Appellant Price sought a disbursement from the sale of debtor’s property, arguing that the rent owed him was an allowable cost of the sale of debtor’s property. Thus he was attempting to raise his rent claim to a preferred status under the bankruptcy laws, but he failed. The bankruptcy court denied his request and referred him to his remedies under 11 U.S.C. § 503. As we have indicated above, the appellant unsuccessfully asserted a claim against the estate at an early stage of traditional bankruptcy proceedings. What we have here is not a traditional state common-law claim, and is thus not a related proceeding within the meaning of
 
 Marathon.
 
 The bankruptcy judge properly entered the order, and the ten-day filing period was plainly applicable.
 

 The counsel for Mr. Price maintains that Mr. Price was entitled to an extension of the period of time, assuming that this is an alternative argument and that the ten day notice of appeal rule is inapplicable.
 

 The appellant, while agreeing that there was not timely filing of the notice of appeal and the motion for an extension of time, contends that the filing was due to the confusion over the governing filing procedures, and that this constitutes excusable neglect which may pardon the late filing. The courts below did not address this contention. Our view of the contention is that it must fail as a matter of law. The bankruptcy rules clearly set forth the filing requirements in question, so that there is no room for confusion. The Interim Rule reiterated the 10 day provision both for filing and for getting an extension.
 

 There is nothing in the
 
 Marathon
 
 case which even suggests an intent to undermine the bankruptcy courts in Title 11 cases or, for that matter, the rules governing such bankruptcy cases. We do not see this late filing as excusable neglect because the filing requirements were plainly spelled out in the rule. Furthermore it is a Rule that was and is well known. If the appellant was truly confused, he should have made inquiry in the proper places or pursued some research.
 

 Finally we view the arguments which have been made by appellant as being part of a resistance to the decision in
 
 Marathon, supra,
 
 and the Model Rule for the Continued Operation of the Bankruptcy Court system, which perpetuated the bankruptcy courts and rules with modifications in order to meet the concerns of
 
 Marathon.
 
 Counsel admits that the rule has been upheld by a number of authoritative courts.
 
 See In the Matter of Braniff Airways,
 
 700 F.2d 214 (5th Cir.),
 
 cert. denied, sub nom American Airlines, Inc. v. Braniff Airways,
 
 -U.S.-, 103 S.Ct. 2122, 77 L.Ed.2d 1302 (1983);
 
 In the Matter of Hansen,
 
 702 F.2d 728 (8th Cir.),
 
 cert. denied, sub nom
 
 
 *1287
 
 (1983)
 
 First National Bank of Tekamah v.
 
 Hansen,-U.S.-, 103 S.Ct. 3539, 77 L.Ed.2d 1389;
 
 White Motor Corp. v. Citibank, N.A.,
 
 704 F.2d 254 (6th Cir.1983);
 
 Coastal Steel Corp. v. Tilghman Wheelabrator, Ltd.,
 
 709 F.2d 190 (3rd Cir.),
 
 cert. denied,
 
 - U.S. -, 104 S.Ct. 349, 78 L.Ed.2d 315 (1983);
 
 In re Kaiser,
 
 722 F.2d 1574 (2d Cir.1983). To seek a wide deviation from these well reasoned opinions and to hold that the adoption of bankruptcy rules in the governing procedures was invalid, while it would help the appellant in this case, would be devastating for this circuit. It would require a misconstruction of
 
 Marathon, supra,
 
 and a repudiation of the decisions of the several circuits which are considered.
 

 It is the decision of this court that the Interim Operating Rules were validly adopted and the bankruptcy rules govern the case.
 

 Our conclusion is that in this case there was a failure to file the necessary documents in a timely fashion so as to preserve the appeal. The rules are valid and clear and there is no excuse that would justify extending the time at this late date by this court. The appeal was properly dismissed by both the bankruptcy court and the district court. Those decisions should be and they are hereby affirmed.