PER CURIAM.
John E. Burns Drilling Company (“Burns Drilling”) filed a Chapter 11[1] bankruptcy petition in the United States Bankruptcy Court for the District of Wyoming on August 30, 1982. On December 23, 1982, Burns Drilling filed a complaint in the bankruptcy court seeking to avoid or subordinate Central Bank of Denver’s (“Central Bank’s”) security interest under 11 U.S.C. § 544(a), and alternatively to recover a preferential transfer under 11 U.S.C. § 547(a).
On January 20, 1983, Central Bank filed a motion to dismiss, challenging the bankruptcy court’s jurisdiction. The bankrupt *1491 cy court denied the motion, holding that the issues raised by the bankruptcy petition were “clearly within the purview and operation” of the Referral Order adopted by the United States District Court for the District of Wyoming in response to Northern Pipeline Construction Co. v. Marathon Pipe Line Co., 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) (plurality opinion). The bankruptcy court held that Central Bank’s challenge to the Referral Order “should not be decided by this Court, but should be addressed to the District Court or to the Court of Appeals.”
On February 28, 1983, Central Bank moved the district court for leave to appeal the bankruptcy court’s denial of the motion to dismiss. After a hearing, the district court denied the application for permission to appeal.[2]
Central Bank has filed two related proceedings in this court seeking review of the bankruptcy court’s denial of the motion to dismiss. In Mise. No. 83-8023, Central Bank asserts that we have jurisdiction to hear its appeal under 28 U.S.C. §§ 1291 or 1293, and under Gillespie v. United States Steel Corp., 379 U.S. 148, 85 S.Ct. 308, 13 L.Ed.2d 199 (1964). In No. 83-1837, Central Bank seeks a writ of mandamus or a writ of prohibition to compel Chief Judge Brimmer and Judge Kerr to withdraw the Referral Order, to “accept and review” Central Bank’s application for leave to appeal the bankruptcy court’s interlocutory order denying the motion to dismiss, or to refrain from exercising jurisdiction over Central Bank in the bankruptcy proceeding. '
We conclude that we lack jurisdiction to hear an interlocutory appeal in Mise. No. 83-8023. In No. 83-1837, we are persuaded that the petitioner has not shown that the bankruptcy court lacks jurisdiction and we deny the writ.
I

Mise. No. 83-8023: Interlocutory Appeal

We lack jurisdiction to review the bankruptcy court’s denial of Central Bank’s motion to dismiss. Jurisdiction can not be based on §§ 1291[3] or 1293[4] because the denial of a motion to dismiss is not a “final decision.”[5] See Catlin v. United States, 324 U.S. 229, 236, 65 S.Ct. 631, 635, 89 L.Ed. 911 (1945) (“[Djenial of a motion to dismiss, even when the motion is made on jurisdictional grounds, is not immediately reviewable” under predecessor to § 1291.); see also Texaco, Inc. v. Cottage Hill Operating Co., 709 F.2d 452, 453 (7th *1492 Cir.1983); United States v. Layton, 645 F.2d 681, 683 (9th Cir.), cert, denied, 452 U.S. 972, 101 S.Ct. 3128, 69 L.Ed.2d 984 (1981); In re Durensky, 519 F.2d 1024, 1028 (5th Cir.1975); 1 Collier on Bankruptcy § 3.03[7][d][iii], at 3-299 to -300 (1984) (“The denial of a motion to dismiss, even when the motion is based on jurisdictional grounds, ... is interlocutory.”). Section 1292(b)[6] does not provide a jurisdictional basis because the district court refused to certify the interlocutory appeal as required by that section.
Moreover, the bankruptcy court’s denial of the motion to dismiss does not fit within the “collateral order” exception. Under this doctrine, first applied by the Supreme Court in Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), a certain “small class” of decisions may be excepted from the final judgment requirement. To qualify as a collateral order subject to immediate appellate review, “the order must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment.”[7] Coopers & Lybrand v. Livesay, 437 U.S. 463, 468, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978); see also Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 8, 103 5. Ct. 927, 933, 74 L.Ed.2d 765 (1983); United States v. Hollywood Motor Car Co., 458 U.S. 263, 265, 102 S.Ct. 3081, 3083, 73 L.Ed.2d 754 (1982) (per curiam); Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 375, 101 S.Ct. 669, 674, 66 L.Ed.2d 571 (1981); In re Dalton, 733 F.2d 710, 715 (10th Cir.1984); see generally 15 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3911 (1976 & Supp.1984).[8]
We must conclude that the bankruptcy court’s denial of Central Bank’s motion to dismiss lacks the third component of the collateral order doctrine because the order may be effectively reviewed on appeal from a final judgment in the bankruptcy proceeding. Cf. Evilsizor v. Eagle-Picher Industries, Inc., 725 F.2d 97, 98-99 (10th Cir.1984) (district court’s denial of defendants' motion to stay diversity action pending resolution of' bankruptcy proceedings involving other defendants who were granted automatic stay of diversity action pursuant to 11 U.S.C. § 362(a) failed third prong of collateral order test); Jesko v. United States, 713 F.2d 565, 567-68 (10th Cir.1983) (district court’s order transferring case to court of claims lacked third component of collateral order doctrine); Prop-Jets, Inc. v. Chandler, 575 F.2d 1322, 1325 (10th Cir.1978) (district court’s order adding new party defendant failed third part of collateral order test because court “will be able to completely review the joinder order if appeal is taken from any final judgment”).
*1493 We therefore hold that we lack jurisdiction to hear the appeal in Mise. No. 83-8023 and dismiss the petition.
II

No. 83-1837: Petition for Extraordinary Writ

In No. 83-1837, Central Bank requests that we issue a writ of mandamus or prohibition directing Chief Judge Brimmer and Judge Kerr to withdraw the Referral Order, to accept Central Bank’s application for leave to appeal the bankruptcy court’s interlocutory order denying the motion to dismiss, or to refrain from exercising jurisdiction over Central Bank in the bankruptcy proceeding.
Under the All Writs Act, “[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.” 28 U.S.C. § 1651(a). The Supreme Court has recognized that the writ of mandamus “has traditionally been used in the federal courts only ‘to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it has a duty to do so.’ ” Will v. United States, 389 U.S. 90, 95, 88 S.Ct. 269, 273, 19 L.Ed.2d 305 (1967) (quoting Roche v. Evaporated Milk Ass’n, 319 U.S. 21, 26, 63 S.Ct. 938, 941, 87 L.Ed. 1185 (1943)). The Court has emphasized that “the remedy of mandamus is a drastic one, to be invoked only in extraordinary situations.” Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 34, 101 S.Ct. 188, 190, 66 L.Ed.2d 193 (1980) (per curiam).
Mandamus may not be used as a substitute for appeal. See, e.g., Will, supra, 389 U.S. at 97, 88 S.Ct. at 274; In re Grand Jury Proceedings, 723 F.2d 1461, 1466-67 (10th Cir.1983); Prop-Jets, Inc. v. Chandler, 575 F.2d 1322, 1324 (10th Cir. 1978). A writ of mandamus will not be issued unless the petitioner demonstrates that no other adequate relief is available and that his right to the writ is “clear and indisputable.” Allied Chemical Corp., supra, 449 U.S. at 35-36, 101 S.Ct. at 190-91; Will, supra, 389 U.S. at 96, 88 S.Ct. at 274; In re Dalton, 733 F.2d 710, 716 (10th Cir. 1984);[9] United States v. West, 672 F.2d 796, 799 (10th Cir.), cert. denied, 457 U.S. 1133, 102 S.Ct. 2959, 73 L.Ed.2d 1350 (1982); see also United States v. Sorren, 605 F.2d 1211, 1215 (1st Cir.1979) (“Mandamus is not, however, a substitute for interlocutory appeal for parties attacking the court’s jurisdiction: it is appropriate only when the lower court is clearly without jurisdiction and the party seeking the writ has no adequate remedy by appeal.”).
We are convinced that Central Bank’s jurisdictional challenge does not justify mandamus relief. Central Bank challenges the jurisdiction of the bankruptcy court under the Referral Order and of the district court in these bankruptcy proceedings under Northern Pipeline Construction Co. v. Marathon Pipe Line Co., 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) (plurality opinion). In Matter of Colorado Energy Supply, Inc., 728 F.2d 1283 (10th Cir.1984), we rejected a similar jurisdictional challenge. We stated that the holding in Marathon is “quite limited” and requires only that “related proceedings” in bankruptcy must be adjudicated by Article III courts or by State courts.[10] We *1494 held that bankruptcy courts under Marathon may adjudicate claims arising directly out of Title 11. Id. at 1285-86.
The proceeding here arises directly out of Title 11. Burns Drilling filed a complaint to avoid or to subordinate Central Bank’s security interest under 11 U.S.C. § 544(a), and alternatively to recover a preferential transfer pursuant to 11 U.S.C. § 547(b). Central Bank’s challenge to the bankruptcy court’s jurisdiction therefore fails because the case does not involve jurisdiction to hear a state common-law action such as that challenged in Marathon. See Colorado Energy Supply, supra, 728 F.2d at 1286 (creditor’s claim that rent is allowable cost of sale, and not merely 11 U.S.C. § 503 claim, is “not a traditional state common-law claim, and is thus not a related proceeding within the meaning of Marathon ”).
Central Bank’s challenge to the district court’s Referral Order also is unpersuasive. The Referral Order provides that a bankruptcy judge may not enter a judgment or dispositive order in “related proceedings” unless the parties consent. The definition of related proceedings includes “civil proceedings that, in the absence of a petition in bankruptcy, could have been brought in a district court or a state court.” Related proceedings do not include, among other things, “contested and uncontested matters concerning the administration of the estate.” In Colorado Energy Supply, supra, we upheld identical provisions of the Interim Operating Rules of the District of Colorado. See 728 F.2d at 1286-87. See also Oklahoma Health Services Federal Credit Union v. Webb, 726 F.2d 624, 625-26 (10th Cir.1984). We similarly must reject Central Bank’s challenge to the Referral Order here.
Accordingly, in No. 83-1837 we hold that the petitioner has failed to establish its right to mandamus or prohibition relief and we therefore deny the writ.

. Burns Drilling later filed a motion to voluntarily convert the case to a Chapter 7 proceeding.

. The district court on April 15, 1983 again denied Central Bank's request to certify the appeal under 28 U.S.C. § 1292(b).

. Section 1291 provides that the courts of appeals (other than the Federal Circuit) shall have jurisdiction of appeals from all "final decisions” of the district courts, except where direct review may be had in the Supreme Court. 28 U.S.C. § 1291.

. Section 1293(b), in part, provides that the courts of appeals shall have jurisdiction of an appeal “from a final judgment, order or decree of a bankruptcy court of the United States if the parties to such appeal agree to a direct appeal to the court of appeals.” Id. at § 1293(b).

. In addition, Burns Drilling has not consented to review of the bankruptcy court’s order in the court of appeals as required by § 1293(b). Central Bank thus has failed to meet the two requirements of review of bankruptcy court orders in the courts of appeals under § 1293(b). Cf. Matter of Kutner, 656 F.2d 1107, 1111-12 (5th Cir.1981) (interlocutory order of bankruptcy court not appealable to court of appeals even where parties consent to appeal), cert. denied, 455 U.S. 945, 102 S.Ct. 1443, 71 L.Ed.2d 658 (1982).
Section 1293(b) changes the rules as to the appealability of bankruptcy court orders under the new bankruptcy code. Under the former bankruptcy act, certain interlocutory orders were appealable to the court of appeals under 11 U.S.C. § 47(a) (1976). Under that section, orders in "proceedings in bankruptcy" were appealable .whether they were interlocutory or final. Orders in “controversies arising in proceedings in bankruptcy," on the other hand, were appealable only if they were final or were certified under § 1292(b). See generally 16 C. Wright, A. Miller, E. Cooper & E. Grossman, Federal Practice and Procedure § 3926, at 103-04 & n. 13 (1977). Section 1293(b), the current bankruptcy provision, eliminates this distinction between "proceedings” and “controversies” and permits direct appeal from the bankruptcy court to the court of appeals only with respect to final orders and with the consent of the parties. See generally id. at 40 (West Supp. 1984).

. Section 1292(b) authorizes the district court tó certify an interlocutory appeal to the court of appeals if the appeal involves a "controlling question of law as to which there is substantial ground for difference of opinion and [if] an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

. In addition, the order must "presen[t] a serious and unsettled question.” Nixon v. Fitzgerald, 457 U.S. 731, 742, 102 S.Ct. 2690, 2698, 73 L.Ed.2d 349 (1982) (quoting Cohen, supra, 337 U.S. at 547).

. Central Bank’s reliance on Gillespie v. United States, 379 U.S. 148, 85 S.Ct. 308, 13 L.Ed.2d 199 (1964), is misplaced. In Gillespie, the Court stated that the finality requirement should be given a “ ‘practical rather than a technical construction.'” 379 U.S. at 152, 85 S.Ct. at 311 (quoting Cohen, supra, 337 U.S. at 546, 69 S.Ct. at 1225). The Court then weighed the benefits and costs of immediate appeal and considered whether the order was “fundamental” to the further conduct of the case. Id. at 152-54, 85 S.Ct. at 310-12. See generally 15 C. Wright, A. Miller & E. Cooper, supra, § 3913.
In evaluating Gillespie, we have said that "we read subsequent Supreme Court cases as taking a restrictive view.” Evilsizor v. Eagle-Picher Industries, Inc., 725 F.2d 97, 98 (10th Cir.1984); see also Daiflon, Inc. v. Bohanon, 612 F.2d 1249, 1252 & n. 5 (10th Cir.1979), rev'd on other grounds sub nom. Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980) (per curiam). In Coopers & Lybrand, supra, the Court emphasized that "[i]f Gillespie were extended beyond the unique facts of that case, § 1291 would be stripped of all significance." 437 U.S. at 477 n. 30, 98 S.Ct. at 2462 n. 30.

. In Dalton, we listed five guidelines for determining the propriety of mandamus relief in particular cases:
First, the party seeking the writ has no other adequate means to secure the relief desired. Second, the petitioning party will be damaged or prejudiced in a way not correctable on appeal. Third, the district court’s order constitutes an abuse of discretion____ Fourth, the district court’s order represents an often repeated error and manifests a persistent disregard of federal rules. Fifth, the district court’s order raises new and important prob-. lems or issues of law of first impression.
733 F.2d at 717.

. Marathon involved a claim for damages for ■ breach of contract and misrepresentation, which the plurality emphasized is "a right created by state law, a right independent of and antecedent to the reorganization petition that conferred jurisdiction upon the Bankruptcy Court." 458 U.S. at 84, 102 S.Ct. at 2878 (Brennan, Marshall, Blackmun & Stevens, JJ.); see also 458 U.S. at 71, 102 S.Ct. at 2871 ("[Tjhe restructuring of debtor-creditor relations, which *1494 is at the core of the federal bankruptcy power, must be distinguished from the adjudication of state-created private rights, such as the right to recover contract damages that is at issue in this case.”) (Brennan, Marshall, Blackman & Stevens, JJ.); 458 U.S. at 90, 102 S.Ct. at 2881 (“There is apparently no federal rule of decision provided for any of the issues in the lawsuit; the claims of Northern arise entirely under state law.”) (Rehnquist & O’Connor, JJ., concurring); 458 U.S. at 92, 102 S.Ct. at 2882 (“[A] 'traditional' state common-law action, not made subject to a federal rule of decision, and related only peripherally to an adjudication of bankruptcy under federal law, must, absent consent of the litigants, be heard by an ‘Article III court if it is to be heard by any court or agency of the United States.”) (Burger, C.J., dissenting).