**In the Matter of Kenneth BOUGHTON, Debtor.**

**Lawrence M. COOPER, Trustee, Plaintiff,**

**v.**

**CORONET INSURANCE CO., Defendant.**

**Bankruptcy Nos. 84 B 8866, 85 A 0020.**

United States Bankruptcy Court, N.D. Illinois, E.D.

May 21, 1985.

MEMORANDUM OPINION
AND ORDER

FREDERICK J. HERTZ, Bankruptcy Judge.

### I.

This case comes to be heard on the Motion of Coronet Insurance Company ("Coronet") to dismiss the adversary complaint of Lawrence Cooper, trustee of the estate of Kenneth Boughton ("debtor"). The question raised is a jurisdictional one, requiring the court to examine whether the case is a core or non-core proceeding, and whether mandatory or discretionary abstention should be exercised.

### II.

On November 1, 1982, debtor, while driving his car, struck a pedestrian, Marilyn Robertson ("Robertson"), and injured her. At that time, debtor was insured under an automobile liability policy issued by Coronet. According to the terms of the policy, Coronet was obligated to pay any judgment rendered against the debtor as driver of the insured vehicle, with a maximum liability of $15,000 per person, $30,000 per occurrence.

Prior to filing suit, Robertson sent notice of the salient facts to Coronet. Coronet did not respond. Robertson then initiated proceedings in the Circuit Court of Cook County, 83 L 9490, on May 12, 1983. As the case proceeded towards trial, counsel for Robertson offered at least three times [1] to settle the claim for the policy limit. Counsel representing both Coronet and the debtor failed to respond to these offers for

Lawrence M. Cooper, Chicago, Ill., for plaintiff.

Alvin R. Becker, Chicago, Ill., for defendant.

---

1. The record reflects that in addition to sending notice to Coronet prior to filing suit, Robertson also filed a Notice of Policy Demand on August 22, 1983. Coronet responded by letter stating that no payment could be made prior to completion of discovery. On December 13, 1983, depositions of Robertson and debtor took place. On December 19, 1983, Robertson offered to settle the case for the policy limits. Robertson repeated the offer on January 10, 1984. Coronet failed to respond in any manner to either offer. On January 12, 1984, discovery was completed and a pretrial conference was held. On February 29, 1984, Robertson made her final offer to settle. No response from Coronet was forthcoming. On March 13, 1984, Robertson made a motion to have the case advanced towards trial. Trial was set for March 26, 1984.

It is debtor's contention that in addition to responding to the express offers of settlement, Coronet should have examined the possibility of settlement from the time when notice was first given Coronet, and at every other juncture of the case.

settlement until the week before the date of trial. Robertson rejected this late acceptance as being untimely.

On March 26, 1984, trial of the case was conducted. Judgment was rendered for plaintiff Robertson in the amount of $48,-750—$33,750 in excess of the policy limits. The order was not appealed.

On July 17, 1984, shortly after the unfavorable judgment, Kenneth Boughton filed for relief under Chapter 7 of the Bankruptcy Code. The record was designated as a "no asset" case. Attorney Lawrence Cooper was appointed as trustee.

On January 10, 1985, Cooper filed the present adversary action, alleging that debtor suffered damages as a proximate result of Coronet's "negligent and willful failure" to accept Robertson's offers. Cooper alleges jurisdiction pursuant to 28 U.S.C. § 1334, maintaining that debtor's interest in the suit is property of the estate by virtue of 11 U.S.C. § 541.

Coronet has filed a motion to dismiss for want of jurisdiction based upon the contention that the suit is an unrelated, non-core proceeding. In the alternative, Coronet argues that the court must or should abstain pursuant to 28 U.S.C. § 1334(c). The trustee opposes the motion on the basis that the proceeding is a related one and that the mandatory abstention provision does not apply under these facts.

### III.

In order to consider properly movant's jurisdictional objections, the court will examine the statutory basis upon which its authority lies. This court derives jurisdiction over bankruptcy cases and proceedings related thereto by 28 U.S.C. §§ 157 and 1334 (Supp.1984). Section 1334 grants original and exclusive jurisdiction to the district court over cases under Title 11 of the United States Code. 28 U.S.C. § 1334(a) (Supp.1984). Section 1334(b) grants the district court original but non-exclusive jurisdiction over cases "arising under" title 11, "arising in" a title 11 case, and proceedings "related to" a case under title 11.

Pursuant to the power granted by 28 U.S.C. § 157(a), the Chief Judge for each district may refer bankruptcy matters delineated in § 1334(a) and (b) to the bankruptcy courts.[2] The Chief Judge of the Northern District of Illinois, Eastern Division, did so by General Order on July 10, 1984.

Section 157 divides bankruptcy matters into "core" and "non-core" proceedings. Core proceedings may be decided by the bankruptcy court subject to appeal according to a "clearly erroneous" standard. 28 U.S.C. § 157(b)(1) (Supp.1984). Non-core proceedings are those which are "related to" a title 11 proceeding, but do not "arise in" or "arise under" it. The bankruptcy court has jurisdiction over such non-core proceedings; however, its decision will be subject to *de novo* review. 28 U.S.C. § 157(c)(1) (Supp.1984).

■ Coronet contends at the outset that not only is the case *sub judice* non-core, it is a non-core, unrelated proceeding over which this court has no jurisdiction. Coronet is too hasty in declaring this court's jurisdiction to be circumscribed. Although this case may not be a core proceeding[3] as that term is described in 28 U.S.C. § 157(b)(2)(A) or (O), relating to administration of the estate or proceedings affecting the liquidation of assets of the estate, it is a case "related to" a proceeding under title 11.

■ Related proceedings are, by definition, not core proceedings. They are

---

**2.** This grant of jurisdiction remains subject to the district court's right to withdraw the reference upon its own motion or that of one of the parties. 28 U.S.C. § 157(d) (Supp.1984).

**3.** Section 157(b)(2)(A)–(O) lists examples of "core proceedings." The list is non-inclusive and is cited in an attempt to illustrate the type of proceeding which is so interrelated with the bankruptcy case itself as to be naturally determined with the case as a whole. 1 *Collier's on Bankruptcy,* par. 3.01(b)[2][b] (15th Ed.).

Core proceedings are those which would not arise absent applicability of the Bankruptcy Code. *Id.*

"[those] adversary cases and controversies which are triable only by Article III or State courts ... [They] are traditional state common-law actions not made subject to a federal rule of decision and related only peripherally to an adjudication of bankruptcy under federal law ...". *Matter of Colorado Energy Supply, Inc.*, 728 F.2d 1283, 10 C.B.C.2d 542, 544–45 (10th Cir., 1984). It has been suggested that only two categories of cases are related proceedings: 1) causes of action owned by the debtor at the time he files for relief under the Code, on which the representative of the estate wishes to proceed for the benefit of creditors; and, 2) disputes between third parties, resolution of which will have a negligible effect, if any, on the estate. 1 *Collier's on Bankruptcy*, par. 3.01 *et seq.* (15th Ed.). The case before the court falls squarely within the first category.

In the instant case, debtor possessed an unliquidated cause of action against Coronet prior to the time that he filed for relief under the Bankruptcy Code. This cause of action, therefore, became property of the estate upon the filing. 11 U.S.C. § 541. As property of the estate, any eventual recovery which may be had by the trustee, will inure to the benefit of creditors. In this manner, the case is "related to" a proceeding under Title 11. *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir., 1984) ("... test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy") (citations and emphasis omitted) (interpreting parallel term as used in former 28 U.S.C. § 1471). Consequently, this court

may retain jurisdiction of the case and, at its conclusion, issue proposed findings of fact and conclusions of law to the district court pursuant to 28 U.S.C. § 157(c)(1). *In re K & L, Ltd.*, 741 F.2d 1023, 1028 (7th Cir., 1984).

■ Coronet opposes this result by asserting that the mandatory abstention provision set out in 28 U.S.C. § 1334(c)(2) applies under these facts.[4] The operation of § 1334(c)(1) is dependent upon the fulfillment of five requirements. They are: 1) there must be a timely motion; 2) the proceeding must be based upon State law; 3) the proceeding must be related to a case under Title 11, but not arising under Title 11 or arising in a case under Title 11; 4) the proceeding must be one which could not have been brought in federal court absent the bankruptcy proceeding; and, 5) the suit must be one which is presently pending, and can be timely adjudicated, in a State court. The facts of this case fail to meet the fifth requirement.

Section 1334(c)(2) states that mandatory abstention only applies if "an action is commenced, and can be timely adjudicated in a State forum". 28 U.S.C. § 1334(c)(2) (Supp.1984). The parties have pointed to, and this court finds, no cases construing this language. Coronet suggests that the cited language means "is commenced *or can be* commenced ... in a State forum". That is not, however, the import of the language used. Had Congress wished to achieve that result, it undoubtedly would have known how to use language appropriate to the purpose. Furthermore, there is no evidence that this case could be "timely adjudicated" in a State forum. A lengthy

---

4. The mandatory abstention provision was one of two sections contained in the 1984 Bankruptcy Amendments and Federal Judgeship Act which did not apply to all cases as of the date of enactment, July 10, 1984. (The other provision was one relating to the availability of jury trials). Rather § 1334(c)(2) was to apply only to cases filed after the date of enactment. 28 U.S.C. § 122(b) (Supp.1984) Coronet points out that there is some question as to whether the provision applies so long as the adversary proceeding was filed after July 10, 1984; or, whether both the bankruptcy case and the related

adversary proceeding must be filed after July 10, 1984, in order to trigger this provision. *Compare In re Atlas Automation, Inc.*, 42 B.R. 246 (Bankr.N.D.Mich., 1984) *with In re Dakota Grain Systems, Inc.*, 41 B.R. 749 (Bankr.N.Dak., 1984). It is not necessary for the court to presently decide this issue because it finds § 1334(c)(2) to be inapplicable to the instant case, and because both the bankruptcy case and the adversary proceeding were filed subsequent to the enactment of the '84 amendments. (July 17, 1984, and January 10, 1985, respectively.)

316

time lapse before trial would constitute an undue delay, seriously disrupting the administration of the estate. This may be viewed as an independent basis for denying application of § 1334(c)(2) under these facts. *See* 1 *Collier's on Bankruptcy*, par. 3.01 at p. 3–45 (15th Ed.).

■ Finally, Coronet moves the court to abstain pursuant to the discretionary authority granted it in 28 U.S.C. § 1334(c)(1). Under that section, the court may abstain in the interests of justice or comity. Comity and justice would dictate that this court abstain if the matter before it involves issues of State constitutional law, important State policy, or unsettled State law. *Thompson v. Magnolia Petroleum Co.*, 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876 (1940). The cause of action put forward in this adversary involves none of these.

■ It has long been recognized in Illinois that where the amount of damages is likely to exceed policy limits, the insurer has a duty to settle within the policy limits or face an excess liability claim for breach of duty owed the insured. *Krutsinger v. Illinois Casualty Co.*, 10 Ill.2d 518, 141 N.E.2d 16 (1957). The insurer has a duty to give the insured's interests at least as much deference as its own where the recovery may exceed policy limits. *Adduci v. Vigilant Ins. Co., Inc.*, 98 Ill.App.3d 472, 53 Ill.Dec. 854, 424 N.E.2d 645 (1981). The mere fact of entry of the excess judgment against the insured may constitute damage and harm sufficient to permit recovery. *Id.* The duty to settle in good faith has been recognized and construed by federal courts in the Seventh Circuit. *See e.g.*, *General Casualty Co. of Wisconsin v. Whipple*, 328 F.2d 353 (7th Cir., 1964). This is decidedly not an issue of unsettled or constitutional state law.

■ When determining whether to abstain, a number of bankruptcy courts have considered whether the outcome of the proposed litigation will have any effect on the estate. *United American Bank v. Debeaubien*, 27 B.R. 713 (Bankr.E.D.Tenn., 1983); *Benchic v. Century Entertainment*

*Corp.*, 25 B.R. 502 (Bankr.S.D.Ohio 1982); *Energy Shed, Inc. v. Cardanas*, 20 B.R. 338 (Bankr.E.D.Wis.1982). If the proceeding will have no effect on the estate, it is proper to abstain. *Ghen v. Branca*, 12 B.C.D. 889, (Bankr.E.D.Penn.1985). The case at bar will most definitely have an effect on the estate. This is a no-asset case. The outcome of the present adversary proceeding will determine whether the creditors are to receive any dividend whatsoever. For this reason, the court will decline to exercise its discretion to abstain.

Counsel for the trustee will submit an order in accordance with this opinion within five (5) days.

IT IS SO ORDERED.