### In re BELL & BECKWITH Debtor.

### Patrick A. McGRAW, Trustee Plaintiff,

### v.

### LIBERTY AIRLINES, INC., et al., Defendants.

Bankruptcy No. 85–0022.
Related Case: 83–0132.

United States Bankruptcy Court,
N.D. Ohio, W.D.

Dec. 10, 1985.

---

**2.** Poulsen's duty to provide marketable title was    satisfied at the inception of this contract.

See also, 54 B.R. 303, 50 B.R. 440, 50 B.R. 437, 50 B.R. 422, 50 B.R. 419, 47 B.R. 528, 44 B.R. 661, 44 B.R. 659, 44 B.R. 656.

Fuller & Henry, Toledo, Ohio, for plaintiff.

R. Michael Frank, Toledo, Ohio, for defendants.

Richard G. LaValley, Sylvania, Ohio, for defendant Frahn.

J. Michael Vassar, Toledo, Ohio, for defendant Frahn.

H. Buswell Roberts, Jr., Toledo, Ohio, for defendants.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon the Motion to Dismiss, Or In The Alternative, For a Stay of Proceeding filed by the Defendants in the above entitled Adversary action. Both the Defendants and the Plaintiff have filed their arguments respecting the merits of the Motion and have had the opportunity to respond to the arguments made by opposing counsel. The Court has reviewed those arguments as well as the entire record in this case. Based upon that review and for the following reasons the Court finds that the Motion should be DENIED.

### FACTS

The facts in this case, to the extent they have been set forth in the pleadings, do not appear to be in dispute. The Plaintiff in this case is the Trustee for the liquidation of the Debtor-brokerage pursuant to the

provisions of 15 U.S.C. Section 78aaa *et seq.* Immediately subsequent to the commencement of this liquidation proceeding, the Trustee received from both the managing partner of the brokerage and his wife, Edward P. Wolfram, Jr. and Zula Wolfram, an assignment of all their assets, interests, rights, and property. These assignments were given in an effort to return to the Debtor's estate those assets which Wolfram had unlawfully diverted from the brokerage during the preceding ten year period.

Included in this assignment, either by direct or indirect reference, were any interests held by the Wolframs in an entity identified only as N.E.S.T., Inc. Although the precise legal status and character of this entity is unclear, it appears as though the name does not represent a corporation which has been lawfully incorporated. Rather, it appears that N.E.S.T., Inc. was the name assigned to an account at the Debtor-brokerage. It also appears that the Wolframs exercised control over this account. (It should be noted that the foregoing facts have been derived from the Complaint and other pleadings thus far filed in the case. They should not be considered to be established of record.)

At some time prior to the commencement of this liquidation proceeding, the "entity" known as N.E.S.T., Inc. purchased from the Defendants 25,000 shares of Liberty Airlines stock. The purchase price for these securities was One Hundred Twenty-five Thousand and no/100 Dollars ($125,-000.00). However, subsequent to the Wolframs' assignment, the Trustee apparently investigated the circumstances surrounding the sale. Believing that the sale did not comply with certain provisions of the Ohio Revised Code, the Trustee, as representative of Zula Wolfram's interests, initiated the action which is presently before the Court. In this case, the Trustee seeks a rescission of the sale and a return to the estate of the purchase price.

In response to the Complaint, the Defendants have filed the Motion which is presently under consideration. This Mo-tion seeks two distinct, though related, actions by this Court with respect to the continued prosecution of the case. Initially, the Defendants argue that this Court should abstain from hearing this action. This assertion is based on the contention that because this case is founded upon State law, the Court should, in deference to the filing of an action in a State court, exercise its abstention authority. In conjunction with this request, the Defendants also argue that inasmuch as Zula Wolfram has filed an action to annul the assignment of her interests, this action should be stayed until such time as that claim has been fully litigated. Secondly, the Defendants argue that the provisions under which this Court's jurisdiction is based are unconstitutional, in that they violate the principles set forth in *Northern Pipeline Const. Co. v. Marathon Pipeline Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), and that the action should, therefore, be dismissed. The Trustee summarily opposes the Defendants' arguments, contending that the Bankruptcy Amendments and Federal Judgeship Act of 1984, P.L. 98–353, has cured any abstention or jurisdictional barriers to an immediate adjudication of this case by this Court. He also argues that the outcome of Zula Wolfram's claim will not alter the Defendants' responsibilities and, therefore, the existence of that claim does not justify a stay of this proceeding. It should be noted that no action for rescission of the sale has been filed in State court by any party.

## LAW

■ The provisions of 28 U.S.C. Section 1334(c) state in pertinent part:

(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

(c)(1) Nothing in this section prevents a district court in the interest of justice, or

in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

(2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action; related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

The provisions of 28 U.S.C. Section 157 state in pertinent part:

(b)(1) Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11 or arising in a case under title 11 referred under subsection (2) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title.

(3) The bankruptcy judge shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under title 11. A determination that a proceeding is not a core proceeding shall not be made solely on the basis that its resolution.may be affected by State law.

(4) Non-core proceedings under section 157(b)(2)(B) of title 28, United States Code, shall not be subject to the mandatory abstention provisions of section 1334(c)(2).

(c)(1) A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

The operation of these statutes was explained in *Cooper v. Coronet Ins. Co. (Matter of Boughton)*, 49 B.R. 312, 12 B.C.D. 1359 (Bkrtcy.N.D.Ill.1985). As set forth in that decision:

... [the District Court] derives jurisdiction over bankruptcy cases and proceedings related thereto by 28 U.S.C. Sections 157 and 1334 (Supp.1984). Section 1334 grants original and exclusive jurisdiction to the district court over cases under Title 11 of the United States Code. 28 U.S.C. Section 1334(a) (Supp.1984). Section 1334(b) grants the district court original but non-exclusive jurisdiction over cases "arising under" title 11 "arising in" a title 11 case, and proceedings "related to" a case under title 11.

Pursuant to the power granted by 28 U.S.C. Section 157(a), the Chief Judge for each district may refer bankruptcy matters delineated in Section 1334(a) and (b) to the bankruptcy courts. [The Chief Judge of the Northern District of Ohio, did so by General Order on July 16, 1984.]

Section 157 divides bankruptcy matters into "core" and "non-core" proceedings. Core proceedings may be decided by the bankruptcy court subject to appeal according to a "clearly erroneous" standard. 28 U.S.C. Section 157(b)(1) (Supp. 1984). Non-core proceedings are those which are "related to" a title 11 proceeding, but do not "arise in" or "arise under" it. The bankruptcy court has jurisdiction over such non-core proceedings; however, its decision will be subject to de novo review. 28 U.S.C. Section 157(c)(1) (Supp.1984) ... Although ... [a] case may not be a core proceeding as that term is described in 28 U.S.C. Section 157(b)(1)(a) or (*o*), relating to administration of the estate or proceedings affecting the liquidation of assets of the estate, it is a case "related to" a proceeding under title 11.

Related proceedings are, by definition, not core proceedings. They are "[those] adversary cases and controversies which are triable only by Article III or State courts ... [They] are traditional state common-law actions not made subject to a federal rule of decision and related only peripherally to an adjudication of bankruptcy under federal law ...". *Matter of Colorado Energy Supply, Inc.*, 728 F.2d 1283, 10 C.B.C.2d 542, 544–45 [11 BCD 1197] (10th Cir., 1984). 49 B.R. 312, 12 B.C.D. 1360. The non-core proceeding, by virtue of its relationship to a petition filed under Title 11, is considered ancillary to the Federal claim in the underlying bankruptcy action. As an ancillary proceeding, a related non-core case need not be predicated upon the diversity of citizenship or Federal question criteria which is otherwise required in order to confer subject matter and personal jurisdiction in the Federal courts. *See, Chemical Bank v. Grigsby's World of Carpet, Inc. (In re WWG Industries, Inc.)*, 44 B.R. 287, 12 B.C.D. 752 (N.D.Ga.1984).

■ With regard to abstention, non-core proceedings, though based upon State law claims, are not subject to the mandatory abstention requirements of 28 U.S.C. Section 1334(c)(2). 28 U.S.C. Section 157(b)(4). However, if deference to the mandatory abstention provision is given, it need only be given when an action in State court has already been initiated. In the absence of a State court case, the provisions of 28 U.S.C. Section 1334(c)(2) are not applicable. *Cooper v. Coronet Ins. Co.*, supra.

These statutes also provide that a Bankruptcy Judge is empowered to hear a non-core case which is related to a case under Title 11, and to submit findings of fact and conclusions of law to the District Court. *See*, 28 U.S.C. Section 157(c)(1). The adjudication of cases heard by a Bankruptcy Judge is not, in the absence of the parties' consent, *see*, 28 U.S.C. Section (c)(2), final until the parties are given the opportunity for a *de novo* review before the District Court. While this procedure necessarily entails the hearing of cases and controversies by a non-Article III Judge, a practice declared unconstitutional in *Northern Pipeline Const. Co. v. Marathon Pipeline Co.* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), it should be pointed out that the actual disposition of such cases and controversies is not final until the parties have had the opportunity to place both the facts and the law before an Article III Court. In that respect, the parties are afforded the constitutional protections which underlie the requirement for adjudication of cases and controversies by an Article III Court. *See, Danning v. Lumis (In re Tom Carter Enterprises, Inc.)*, 44 B.R. 605, 12 B.C.D. 536 (C.D.Calif.1984).

■ In the present case, the Defendants have motioned this Court, pursuant to the authority of 28 U.S.C. Section 1334(c)(1), to abstain from hearing this case. They argue that because the case is based solely upon issues of State law, the interests of justice and the goal of comity between the State and Federal Courts will be served. In that regard, the Court notes that the case has already been filed in this Court, that the Court has conducted a Pre-Trial conference, and that the case is related to a complex liquidation proceeding which is currently pending before this Court. On the other hand, the Defendants have not offered any explanation as to how the interests of justice and comity will be served by requiring the Trustee to seek his remedy in State court. In view of these factors, it appears that both the interests set forth in 28 U.S.C. Section 1334(c)(1) and the interests of the estate will be best served by the prosecution of this action in this forum. Accordingly, it must be concluded that the Defendants' arguments as to this issue are without merit.

The Court has also been motioned to abstain from hearing this action on the basis that a State court proceeding is available for an adjudication of the parties' rights. However, as previously noted, no such action has been filed. The language of 28 U.S.C. Section 1334(c)(2) clearly provides that prior initiation of a State court action is prerequisite to the applicability of

mandatory abstention in related non-core proceedings. Accordingly, this Court should not be required to follow the mandatory abstention provisions of 28 U.S.C. Section 1334(c)(2). *See, Cooper v. Coronet Inc. Co.,* supra. In addition it appears that consideration of mandatory abstention under 28 U.S.C. Section 1334(c)(2) is not required in related non-core cases. *See,* 28 U.S.C. Section 157(b)(4). Therefore, it must be concluded that abstention is not required.

The Defendants have also asked this Court to abstain from hearing this case until such time as Zula Wolfram's claim for rescission of the assignment has been decided. In reviewing that request, it is apparent that if the case is stayed, and if Zula Wolfram is unsuccessful, the Court would then be required to reinstitute prosecution of this action and would face another delay in the effort to finalize this liquidation proceeding. In that regard, the Court notes that Zula Wolfram's case has, as a result of the issues involved, the potential for becoming protracted litigation. If, on the other hand, Zula Wolfram is successful, then any funds collected by the Trustee as a result of this action could be returned to her at that time. In the event the action against the Defendants in this case is unsuccessful, then the question as to whether the Defendants are liable to the Trustee or Zula Wolfram becomes irrelevant. When given the alternative between prosecuting the case now and placing in escrow any funds recovered therefrom, or delaying the prosecution of this case and jeopardizing an expeditious termination of this liquidation proceeding, it is readily apparent that the best interests of the estate would be served by the former choice. Accordingly, the Defendants' request for a stay of this case should be denied.

The second facet of the Defendants' Motion asks this Court for a dismissal of the case on the grounds that even the provisions of 28 U.S.C. Section 157(b) do not correct the constitutional deficiencies set forth in *Northern Pipeline Const. Co. v. Marathon Pipeline Co.,* supra. Specifically, the Defendant argues that prior case law has established the principle that adjuncts of the District Court are not permitted to hear cases and propose findings of fact and conclusions of law when the cases arise from State law. The Defendants argue that adjuncts of the District Court are only permitted to follow that procedure in cases which address constitutional or congressionally created rights. *See, Crowell v. Benson,* 285 U.S. 22, 52 S.Ct. 285, 76 L.Ed. 598 (1932), *United States v. Reddatz,* 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980). In making that argument, however, the Defendants concede that adjuncts are authorized to hear State law matters and to recommend findings when the issues are attendant to cases that are before the District Court under the auspices of diversity of citizenship jurisdiction.

█ As has been previously explained, it has been held that a non-core adversary proceeding which is related to a petition filed under Title 11 is considered a matter ancillary to a Federal claim. *Cooper v. Coronet Ins. Co.,* supra, *Chemical Bank v. Grigsby's World of Carpet, Inc.,* supra. As a case which is ancillary to a Federal proceeding, it is eligible to be heard by an adjunct or "unit", *see,* 28 U.S.C. Section 151, of the District Court, despite the fact that the ancillary matter arises from State law. Provided the parties are afforded the opportunity to have a *de novo* review of the adjunct's findings and conclusions by an Article III Court, it appears that the discrepancies found in *Northern Pipeline Const. Co. v. Marathon Pipeline Co.,* supra, have been cured. Accordingly, it must be concluded that the Defendant's Motion for Dismissal should be DENIED.

In reaching these conclusions, the Court has considered all the evidence and arguments of counsel, regardless of whether or not they were specifically referred to in this Opinion.

It is ORDERED that the Motion to Dismiss, Or In The Alternative, For A Stay Of Proceedings be, and is hereby, DENIED.