RIPPLE, Circuit Judge.
The appellants, debtors who had filed a petition in bankruptcy which was referred to the United States Bankruptcy Court, challenge that court’s authority to adjudicate their claims. They allege that The Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98-353, 98 Stat. 333, the Act which created the *175 present bankruptcy court system, violates the United States Constitution by improperly delegating Article III powers to Article I bankruptcy judges. Additionally, they claim that the Act, by providing for the legislative extension of judicial appointments for certain bankruptcy judges, violates the Appointments Clause of the Constitution.
We conclude that we have no jurisdiction to reach the first issue. The second issue is now moot. Therefore, we do not reach the merits of either claim.
I
On February 17, 1984, the debtors-appellants, Ralph and Mary Lou Moens (Moens), filed a joint petition in bankruptcy under Chapter 7, 11 U.S.C. §§ 701-766. At that time, the Moens were indebted to Atkinson Trust and Savings Bank (Atkinson Trust) —a bank which had failed shortly before this bankruptcy was filed. The Federal Deposit Insurance Corporation (FDIC), acting as receiver for Atkinson Trust, objected to the Moens’ discharge in bankruptcy. The FDIC alleged that Mr. Moens, while serving as an officer of Atkinson Trust, obtained improper loans from the bank. The FDIC also alleged that Mr. Moens concealed assets from the trustee in bankruptcy and engaged in other financial irregularities.
The United States Bankruptcy Court for the Central District of Illinois scheduled a pre-trial conference for October 9, 1984. At that conference, the Moens filed a motion challenging the constitutionality of the proceedings. The Moens alleged that The Bankruptcy Amendments and Federal Judgeship Act of 1984 (1984 Act), Pub.L. No. 98-353, 98 Stat. 333, the Act under which the bankruptcy judge was appointed, violated the Appointments Clause of the Constitution. U.S. Const, art. II, § 2, cl. 2. The Moens contended that the Congress, by filling the 1984 Act’s judgeships with individuals who were previously serving as bankruptcy judges, effected a legislative appointment of officers of the United States. The bankruptcy court denied this motion.
On appeal to the district court, the Moens reiterated their Article II claim. In addition, the Moens, for the first time, alleged that the entire 1984 Act was constitutionally infirm inasmuch as it delegated Article III powers to bankruptcy judges created under Article I. The district court rejected both claims. These appeals followed.
II
We first address the Moens’ contention that the 1984 Act violates the requirements of Article III by improperly delegating Article III powers to bankruptcy judges. We conclude that we have no jurisdiction to reach this question.
This issue was first raised in the district court. Neither the debtors nor the district court set out, with any precision, the procedural basis for this contention. Rather, the Article III argument was simply interjected in the appeal of the Article II issue. In any event, if it was properly before the district court at all, the Article III challenge constituted, as a practical matter, a motion to withdraw the reference to the bankruptcy court. However, it is settled that the decision of the district court on such a matter is interlocutory in nature and therefore not a final judgment. See In re Dalton, 733 F.2d 710 (10th Cir.1984).
Nor do we have jurisdiction to review the district court’s order under the “collateral order” doctrine.[1] Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). Under that narrow exception to the finality rule, we may review a district court decision if it falls within “that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied *176 review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.” Id. at 546, 69 S.Ct. at 1225; see Mitchell v. Forsyth, 472 U.S. 511, -, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985). “To fall within the exception, an order must at a minimum satisfy three conditions: It must ‘conclusively determine the disputed question,’ ‘resolve an important issue completely separate from the merits of the action,’ and ‘be effectively unreviewable on appeal from a final judgment.’ ” Richardson-Merrell, Inc. v. Roller, 472 U.S. 424, -, 105 S.Ct. 2757, 2761, 86 L.Ed.2d 340 (1985).
In this case, the first two criteria appear to be met. First, our decision would conclusively determine the issue. Second, the issue is important; a decision in favor of the debtors would place in jeopardy an entire statutory scheme carefully forged by the Congress and upon which the entire administration of our bankruptcy law depends. That issue is antecedent to the particular issues in the case.
The last criterion is far more difficult to satisfy. The Supreme Court of the United States has stressed that the “narrow exception”[2] of the “collateral order” doctrine is limited to trial orders “affecting rights that will be irretrievably lost in the absence of an immediate appeal.” Richardson-Merrell, Inc., 105 S.Ct. at 2761. Yet, the issue raised by the Moens can quite easily be taken up in due course from a later final judgment of the district court. Indeed, similar challenges to the earlier bankruptcy code and to the so-called “interim rules” which followed reached the appellate courts in this way. See, e.g., Northern Pipeline Construction Co. v. Marathon Pipe Line Co., 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982); In re Stewart, 741 F.2d 127 (7th Cir.1984); In re Kaiser, 722 F.2d 1574 (2d Cir.1983).
Adherence to these jurisdictional constraints necessarily postpones definitive resolution until another day. It also creates the possibility that judicial energy, as well as the parties’ time and energy, will be dissipated on a proceeding that may later be found to be constitutionally infirm.[3] However, these risks are inherent in any jurisdictional challenge[4] and can also arise in other litigation contexts such as motions to recuse the trial judge.[5] Yet, it is clear that these situations rarely, if ever, fall within the ambit of the collateral order doctrine. Accordingly, we hold that the collateral order doctrine does not support our jurisdiction in this case.
Ill
The Moens, as well as the United States as appellant-intervenor, also appeal the district court’s determination that the appointment of the presiding bankruptcy judge did not violate the Appointments Clause. Two theories of appellate jurisdiction are asserted.[6] First, the parties submit that the judgment of the district court is a “final judgment.” However, this argument necessarily meets the same fate as it did when asserted with respect to the Article III claim.
Second, the United States, realizing that premising appellate jurisdiction on the final judgment rule was problematical, obtained certification of this issue from the district court pursuant to 28 U.S.C. *177 § 1292(b). By an order dated June 10, 1985, this court granted permission to appeal while specifically reserving the jurisdictional issue for later scrutiny with the merits. In our view, this court may properly exercise jurisdiction pursuant to 28 U.S.C. § 1292(b). See In re Riggsby, 745 F.2d 1153 (7th Cir.1984); see also In re Emerald Oil Company, 694 F.2d 88 (5th Cir.1982). While the section of the new bankruptcy code dealing with appeals to the court of appeals does not specifically provide for such interlocutory appeals, see 28 U.S.C. § 158(d), there is nothing in the statute or in its legislative history which indicates that Congress intended to foreclose such review. Given the absence of any significant limitation in the language of section 1292(b), we would expect the Congress to have taken such action if in fact it intended such a limitation.
While we have jurisdiction to consider, under section 1292(b), the appeal in this issue, we must remand with instructions to dismiss this part of the district court’s judgment as moot. By motion dated October 8, 1985, the parties informed the court that, on June 28, 1985, the bankruptcy judge who was presiding in this action resigned. Thus, any alleged constitutional infirmity in his appointment cannot be raised in this litigation. Therefore, that part of the district court’s judgment dealing with the appellants’ challenge to the appointment of the bankruptcy judge is vacated and the district court is directed to dismiss that claim as moot. See United States v. Munsingwear, Inc., 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36 (1950); McIntyre v. Fallahay, 766 F.2d 1078, 1081 (7th Cir.1985).
Accordingly, in Nos. 85-1499 and 85-1689 the appeals are dismissed for lack of jurisdiction. In No. 85-2071, the judgment of the district court is vacated and the district court is directed to dismiss the matter as moot.
So Ordered.

. The collateral order doctrine is the "primary jurisprudential exception" to the final judgment rule. In re King Memorial Hospital, Inc., 767 F.2d 1508, 1510 (11th Cir.1985).

. Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 374, 101 S.Ct. 669, 673, 66 L.Ed.2d 571 (1981).

. We stress that we express no opinion on the substantive merits of the constitutional issue.

. See, e.g., John E. Burns Drilling Co. v. Central Bank, 739 F.2d 1489, 1491-92 (10th Cir.1984).

. See, e.g., In re Corrugated Container Antitrust Litigation, 614 F.2d 958, 960-61 (5th Cir.1980).

. In No. 85-1499, the Moens sought a direct appeal of both the Article II and Article III claims. In No. 85-1689, the United States sought a direct appeal of only the district court's Article II judgment. Alternatively, in No. 85-2071, the United States sought review of the Article II claim by way of 28 U.S.C. § 1292(b).