236 B.R. 418 (1999)
In re Lola Faye DENTON, also known as Faye Denton, Debtor.
In re Bear Creek Wildlife, Inc., Debtor.
Thelma Patterson, Plaintiff-Appellant,
v.
Washita State Bank, Virginia Meadows, Bill Meadows, B.J. Brockett, Arden Neff, and B.J. Beck, Defendants-Appellees.
BAP No. WO-98-053. Bankruptcy Nos. 93-11217, 93-11685. Adversary No. 98-1142.
United States Bankruptcy Appellate Panel of the Tenth Circuit.
August 3, 1999.
Wilburn C. Hall, Jr., Norman, Oklahoma, for Plaintiff-Appellant.
*419 James K. Larimore, Durbin, Larimore & Bialick, Oklahoma City, Oklahoma, for Defendants-Appellees.
Before BOULDEN, MATHESON, and KRIEGER, Bankruptcy Judges.[1]

OPINION
MATHESON, Bankruptcy Judge.
Patterson appeals the order of the United States Bankruptcy Court for the Western District of Oklahoma denying Patterson's motion to remand and for abstention. We dismiss the appeal for lack of jurisdiction.
I. Background
Patterson commenced an action in the state court in Oklahoma. The defendants removed the action to the Bankruptcy Court for the Western District of Oklahoma. Patterson then filed a motion to have the matter remanded to the state court and asked that the bankruptcy court abstain from hearing the matter, arguing that the bankruptcy court did not have jurisdiction to hear the action. The bankruptcy court denied both the motion to remand and the request for abstention, and this appeal followed.
II. Appellate Jurisdiction
The parties have not questioned the jurisdiction of this Court to hear this appeal. However, as a court of limited jurisdiction, it is incumbent upon us to inquire into whether jurisdiction exists. Adelman v. Fourth Nat'l Bank and Trust Co., N.A. (In re Durability, Inc.), 893 F.2d 264 (10th Cir.1990).
This case is directly parallel to the earlier decision of this Court in the case of Personette v. Kennedy (In re Midgard Corp.), 204 B.R. 764 (10th Cir. BAP 1997). The holding in Midgard is binding on this panel. In re Blagg, 223 B.R. 795, 804 (10th Cir. BAP 1998). As the court held in Midgard, an interlocutory order denying a motion to remand or to abstain is appealable as a matter of discretion pursuant to 28 U.S.C. § 158(a)(3).
Decisions of this Court that are rendered in appeals under section 158(a)(3) are not reviewable by the Court of Appeals. Durability, 893 F.2d at 266. Thus, granting leave for interlocutory appeals should be done only in exceptional circumstances, which are not present here. In this case, the orders from which this appeal have been taken will be reviewable in connection with an appeal lodged from a final decision in this adversary proceeding. It remains to be seen whether Patterson will ever have the necessity to lodge such an appeal, because Patterson may yet prevail in the trial court. Further, because the interlocutory orders here in issue can be effectively reviewed in an appeal from a final decision in the adversary proceeding, these orders cannot now be appealed under 28 U.S.C. § 158(a)(1) as "final" orders pursuant to the collateral orders doctrine espoused by the Supreme Court in Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 116 S.Ct. 1712, 135 L.Ed.2d 1(1996). See Schuster v. Mims (In re Rupp & Bowman Co.), 109 F.3d 237 (5th Cir.1997).
III. Conclusion
For the reasons stated we conclude that this Court is without jurisdiction to hear this appeal under 28 U.S.C. § 158(a)(1), and we decline to exercise jurisdiction under section 158(a)(3). Lacking jurisdiction, this appeal is dismissed.
NOTES
[1] Honorable Marcia S. Krieger, United States Bankruptcy Judge, United States Bankruptcy Court for the District of Colorado, sitting by designation.