**In re Donald Furman FOX, Debtor.**

**United Phosphorus Ltd., Appellant,**

v.

**Donald Furman Fox and United States Trustee, Appellees.**

**BAP No. KS–99–023.**
**Bankruptcy No. 98–20105.**

United States Bankruptcy Appellate Panel of the Tenth Circuit.

Nov. 30, 1999.

---

Terrance M. Summers (Floyd R. Finch with him on the brief) of Blackwell Sand-

ers Peper Martin LLP, Kansas City, Missouri, for Appellant.

Carl R. Clark (John J. Cruciani with him on the brief) of Lentz & Clark, Overland Park, Kansas, for Appellees.

Before McFEELEY, Chief Judge, BOULDEN, and CORNISH, Bankruptcy Judges.

## OPINION

McFEELEY, Chief Judge.

United Phosphorus, Ltd. ("Appellant") appeals the Order of the United States Bankruptcy Court for the District of Kansas denying its Motion to Convert this Proceeding to a Liquidation Under Chapter 7 or, Alternatively, to Dismiss Bankruptcy ("Motion"). Appellant contends that when a debtor files a Chapter 11 bankruptcy petition in lieu of filing a supersedeas bond, it is *per se* evidence of a debtor's bad faith under § 1112(b), and that the bankruptcy court's failure to dismiss the case for bad faith filing, based on that factor, is reversible legal error. Alternatively, Appellant claims that the court erred when it applied the totality of the circumstances standard and found that the Debtor did not file his Chapter 11 petition in bad faith.

Donald Furman Fox ("Debtor"/Appellee) asserts that this matter is not properly before this Court. He maintains that this Court does not have jurisdiction to reach the merits of this appeal because the Order is not final under 28 U.S.C. § 158(a)(1),[1] and the Order is not an appealable interlocutory order under § 158(a)(3). We agree with the Debtor and dismiss the appeal.

## BACKGROUND

Appellant obtained a jury verdict in a two-week trial in the United States District Court for the District of Kansas against the Debtor and his company Midland Fumigant, Incorporated ("Midland") for fraud, trademark infringement, fraudulent trademark registration, and unfair competition. The jury awarded damages in the amount of $761,866.00. After evidentiary hearings on the issues of punitive damages and piercing Midland's corporate veil, the District Court assessed $653,217 in punitive damages against the Debtor and ordered that Midland's corporate veil be pierced to allow Appellant to reach the individual assets of the Debtor in satisfaction of Appellant's judgment against Midland.[2]

Thereafter, the District Court reduced to $67,694.03 the amount of compensatory damages awarded to the Appellant by the jury and awarded attorneys' fees of $313,133 against defendants, including Debtor.[3] That litigation is now on appeal to the Tenth Circuit.

Midland posted a supersedeas bond in the amount of $963,000 to stay enforcement of the judgment against it pending disposition of its appeal to the Tenth Circuit. The Debtor did not post a bond to stay enforcement of the judgment against him individually.

On January 12, 1998, Debtor filed his petition for relief under Chapter 11.[4] On May 13, 1998, Appellant filed its Motion. The bankruptcy court held an evidentiary

---

1. All statutory references are to title 28 of the United State Code, unless otherwise noted.

2. *See United Phosphorus, Ltd., v. Midland Fumigant, Inc.*, No. CIV. A. 91–2133–GTV, CIV. A. 95–2267–GTV, 1997 WL 756602 (D. Kan. filed Dec. 1, 1997).

3. *See United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 21 F.Supp.2d 1247 (D.Kan. 1998).

4. In April 1998, the bankruptcy court entered an order granting the Debtor relief from the automatic stay for the limited purpose of allowing the Debtor to continue with litigating post-trial motions before the District Court and to allow the Debtor to appeal the adverse judgment against him.

hearing on the Motion in August 1998.[5] On March 5, 1999, the bankruptcy court issued its Memorandum Opinion and Order ("Order") and entered its judgment, which denied Appellant's Motion.[6] Appellant filed a timely notice of appeal. However, Appellant did not file a "motion for leave to appeal" as required under Federal Rule of Bankruptcy Procedure 8001(b) to be prepared in compliance with Federal Rule of Bankruptcy Procedure 8003(a), (b).

## DISCUSSION

Before reaching the merits of this appeal, we must make an initial determination as to whether we have jurisdiction. *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541, 106 S.Ct. 1326, 89 L.Ed.2d 501 (1986) (a federal appellate court must determine whether it has jurisdiction over an appeal); *City of Chanute v. Williams Natural Gas Co.*, 31 F.3d 1041, 1045 n. 8 (10th Cir.1994) (same); *Personette v. Kennedy (In re Midgard Corp.)*, 204 B.R. 764, 767–68 (10th Cir. BAP 1997) (same). This Court, with the consent of the parties, has jurisdiction to hear appeals "from final judgments, orders, and decrees," and "with leave of the court, from other interlocutory orders and decrees" of bankruptcy judges within this circuit. § 158(a), (b)(1).[7] At issue here is whether the Order appealed from is a final order under § 158(a)(1) or whether it is an appealable interlocutory order under § 158(a)(3).

■■■ Final decisions of a bankruptcy court may be appealed to this Court as of right. § 158(a)(1). Since the term "final judgment" has not been statutorily defined, the term has been defined through the common law. 1 *Collier on Bankruptcy* ¶ 5.07[1][a] (Lawrence P. King et al., eds., 15th ed. rev.1998). A court order is a "final judgment" if it " 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.' " *Cunningham v. Hamilton County*, 527 U.S. 198, ——, 119 S.Ct. 1915, 1920, 144 L.Ed.2d 184 (1999) (quoting *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521–22, 108 S.Ct. 1945, 100 L.Ed.2d 517 (1988) (further internal quotation omitted)). Because bankruptcy reorganizations or liquidation cases usually encompass a variety of assorted disputes, courts reviewing bankruptcy orders have applied the finality doctrine more pragmatically. *See Fleet Data Processing Corp. v. Branch (In re Bank of New England Corp.)*, 218 B.R. 643, 647 (1st Cir. BAP 1998) (reviewing the cases assessing the special considerations given to bankruptcy proceedings). Although traditional finality guidelines do not always apply to bankruptcy court proceedings, bankruptcy court orders will not be appealable as final orders unless the order conclusively determines "discrete disputes" within the larger case. *Cascade Energy & Metals Corp. v. Banks (In re Cascade Energy & Metals Corp.)*, 956 F.2d 935, 938–39 (10th Cir.1992) (finding that the " 'appropriate "judicial unit" for application of these finality requirements in bankruptcy is not the overall case, but rather the particular adversary proceeding or discrete controversy pursued within the broader framework cast by the petition' " (quoting *Adelman v. Fourth Nat'l Bank & Trust Co. (In re Durability, Inc.)*, 893 F.2d

---

5. A total of four motions were heard and decided by the bankruptcy court at the same hearing. The other three motions are as follows: 1) Motion for Stay Relief to Compel Debtor to Turn over Property Held in Trust (denied); 2) Motion to Strike Portion of United Phosphorus Post Trial Brief (denied); 3) Motion to Approve Compromise Pursuant to Bankruptcy Rule 9019, With Phyllis Fox (held in abeyance). *See In re Fox*, 232 B.R. 229 (Bankr.D.Kan.1999).

6. *See In re Fox*, 232 B.R. at 233–38.

7. 28 U.S.C. § 158(a) provides:

The district courts of the United States shall have jurisdiction to hear appeals
(1) from final judgments, orders, and decrees; [and] ....
(3) with leave of the court, from other interlocutory orders and decrees....

28 U.S.C. § 158(c)(1) grants a Bankruptcy Appellate Panel the jurisdiction to hear appeals under subsection (a).

264, 266 (10th Cir.1990))). Yet not every bankruptcy order that determines a specific dispute within a broader bankruptcy proceeding will be appealable. *See In re Lopez,* 116 F.3d 1191 (7th Cir.1997); *Maquoketa State Bank v. Hayes (In re Hayes),* 220 B.R. 57, 61 (N.D.Iowa 1998). Ultimately, the pivotal question concerning finality will center on what kind of dispute the order resolves. *Id.*

■ Initially, Appellant advances an argument that this Order is final since it is delivered in a manner that suggests finality. The Appellant's Motion is resolved in an Opinion entitled "Judgment on Decision." At the end of the Opinion there is a statement that "judgment ... will be entered on a separate document as required by Rule 9021 of the Federal Rules of Bankruptcy Procedure [8] and Rule 58 of the Federal Rules of Civil Procedure." [9] *Fox,* 232 B.R. at 240. Appellant contends that this statement indicates that the Order is a Rule 58 judgment, which signals finality, and therefore, the Order is appealable as a final decision.

Basically, Appellant urges us to look at the form of the judgment and not the substance. This we cannot do. Section 158(a) governs our jurisdiction and limits it to *"final* judgments, orders, and decrees." 28 U.S.C. § 158(a)(1) (emphasis added). Although Federal Rule of Bankruptcy Procedure 9021, and by reference Federal Rule of Civil Procedure 58, delineate the procedures for memorializing a judgment, these rules do not determine whether the recorded judgment is a final judgment. *See Albright v. UNUM Life Ins. Co. of Am.,* 59 F.3d 1089, 1092 (10th Cir.1995) (substance of trial court's decision, not label or form, determines whether it is final for purpose of appeal).

Bankruptcy orders that have been found to be final and appealable include orders that decisively resolve disputes regarding the assets or liabilities of a bankruptcy estate and orders that resolve questions concerning the distribution of assets from a bankruptcy estate. *Hayes,* 220. B.R. at 61. In contrast, an order is not final if it is a solitary decision that functions only as a step " 'toward [a] final judgment in[to] which [it] will merge.' " *See Bank of New England Corp.,* 218 B.R. at 646 (quoting *Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 546, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949) (clarifying the finality requirement of § 1291, which governs appeals from final decisions of the district courts)).

■ An order denying a motion to convert or dismiss a bankruptcy proceeding is not an order that impacts either the assets of the bankruptcy estate or the priority of creditors. *Hayes,* 220 B.R. at 62. Orders denying motions to dismiss in bankruptcy cases, even those based on lack of subject matter jurisdiction, are not final orders. *John E. Burns Drilling Co. v. Central Bank,* 739 F.2d 1489, 1491 (10th Cir.1984) (holding that a denial of a motion to dismiss for lack of jurisdiction is not a final order) (citing *Catlin v. United States,* 324 U.S. 229, 236, 65 S.Ct. 631, 89 L.Ed. 911 (1945)). Orders denying motions to convert are also not final. *Hayes,* 220 B.R. at 62 (holding that an order denying a motion to convert was not appealable as a "final order" since the order does not impact a creditor's recovery, it merely determines whether a creditor will collect his "debts from the debtor's property instead of [the debtor's] future income"); *Richter*

---

8. Bankruptcy Rule 9021 provides:

Except as otherwise provided herein, Rule 58 F.R.Civ.P. applies in cases under the Code. Every judgment entered in an adversary proceeding or contested matter shall be set forth on a separate document. A judgment is effective when entered as provided in Rule 5003. Fed.R.Bankr.P. 9021.

9. Rule 58(2) provides:

Every judgment shall be set forth on a separate document. A judgment is effective only when so set forth and when entered as provided in Rule 79(a). Entry of the judgment shall not be delayed, nor the time for appeal extended, in order to tax costs or award fees....
Fed.R.Civ.P. 58(2).

*v. Klein/Ray Broadcasting (In re Klein/ Ray Broadcasting)*, 100 B.R. 509 (9th Cir. BAP 1987) (holding that a denial of a motion to convert from Chapter 11 to Chapter 7 is not a final order).

Accordingly, we find that the bankruptcy court's Order denying the Appellant's Motion is not a final order. The Order does not conclude the bankruptcy case; instead, it permits the case as a whole to continue. Furthermore, the Order does not resolve a discrete dispute within the larger bankruptcy case; it does not determine creditor priorities, nor does it resolve any issues regarding the Debtor's assets.

■    The Order is also not appealable of right as a final order pursuant to § 158(a)(1) under the collateral order doctrine. *United States Trustee v. Sorrells (In re Sorrells)*, 218 B.R. 580, 582 (10th Cir. BAP 1998) (holding that an order is appealable as of right under the collateral order doctrine pursuant to § 158(a)(1)); *Midgard*, 204 B.R. at 768 (same).[10] *See also Cunningham*, 527 U.S. at ——, 119 S.Ct. at 1920 (holding that an order is appealable as of right through the collateral order doctrine under § 1291, the statute that confers jurisdiction over appeals of "final decisions" of the district courts). The collateral order doctrine is judicial recognition of a small class of decisions "which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Cohen*, 337 U.S. at 546, 69 S.Ct. 1221.

■    Under the collateral order doctrine, an appellate court may reach the merits of an appeal if the underlying order meets all of the following criteria: 1) the order conclusively determines a disputed question completely separate from the merits of the action; 2) the order will be effectively unreviewable on a final judgment appeal; and 3) the order deals with an issue that is too important to be denied review. *Cunningham*, 527 U.S. at ——, 119 S.Ct. at 1920; *Midgard Corp.*, 204 B.R. at 768. Jurisdiction is not available under this doctrine unless all three elements are met. *State of Utah By and Through the Utah State Dep't of Health v. Kennecott Corp.*, 14 F.3d 1489, 1492 (10th Cir.1994). Appellants carry the burden of showing that the appeal meets all elements. *Magic Circle Energy 1981–A Drilling Program v. Lindsey (In re Magic Circle Energy Corp.)*, 889 F.2d 950, 954 (10th Cir.1989).

■    To satisfy the first prong of the collateral order doctrine, the Order must "conclusively determine" whether the Debtor filed his bankruptcy in good faith. An order that is conclusive is an order that is "expected to be the final word on the subject addressed." *Kennecott*, 14 F.3d at 1492. In contrast, an "inherently tentative order" is an order " 'to which some revision might reasonably be expected in the ordinary course of litigation.' " *Id.* at 1493 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12–13 n. 14, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983)).

This appeal fails at the first prong of the collateral order doctrine. Appellant argues that either the bankruptcy court erred legally when it adopted a totality of the circumstance test as the legal standard

---

10.    While the Tenth Circuit has found that the collateral order doctrine confers jurisdiction as of right under 28 U.S.C. § 158(a)(1), not all circuits have agreed. *See, e.g., Bank of New England Corp.*, 218 B.R. at 649 (holding that a bankruptcy court order was not appealable under the collateral order doctrine pursuant to 28 U.S.C. § 158(a)(3)). Whether an order is appealable under the collateral order doctrine pursuant to 28 U.S.C. § 158(a)(1) or (3) matters to litigants because the respective sections mandate different procedures for filing appeals. *See Bancboston Real Estate Capital Corp. v. JBI Assocs. Ltd. Partnership (In re Jackson Brook Inst., Inc.)*, 227 B.R. 569, 576 n. 10 (D.Me.1998).

under 11 U.S.C. § 1112(b) [11] for determining whether to dismiss or convert a Chapter 11 case for cause based on bad faith; or alternatively, that the bankruptcy court erred factually when it applied the totality of the circumstances test and found that the Debtor had filed in good faith.[12] We find that neither the legal issue nor the factual issue are "final" determinations that render the Order reviewable under the collateral order doctrine. Both are threshold inquiries into the merits of the Debtor's case. Nothing in the current Order is the final word on the Debtor's good faith. *See generally* 11 U.S.C. § 1129(a)(3) (stating that the "court shall confirm a plan only if ... [t]he plan has been proposed in good faith"). The Debtor's good faith is inextricably intertwined with the merits of the case as a whole. *See generally In re Johns–Manville Corp.*, 36 B.R. 727, 730 (Bankr.S.D.N.Y.1984) (finding that a bad faith inquiry is addressed more appropriately in the context of a debtor's emergence from Chapter 11, rather than when the debtor files the petition). The bankruptcy court may or may not revisit the issue of the Debtor's good faith at any time during the pending proceedings.[13]

Since all three prongs must be met for the collateral order doctrine to apply, and this appeal fails on the first prong, we need not address the other elements of the test.

**11.** Pursuant to § 1112(b), a bankruptcy judge:

> on request to a party in interest or the United States trustee or bankruptcy administrator, and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title or may dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, for cause, including—
> (1) continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation;
> (2) inability to effectuate a plan;
> (3) unreasonable delay by the debtor that is prejudicial to creditors;
> (4) failure to propose a plan under section 1121 of this title within any time fixed by the court;
> (5) denial of confirmation of every proposed plan and denial of a request made for additional time for filing another plan or a modification of a plan;
> (6) revocation of an order of confirmation under section 1144 of this title, and denial of confirmation of another plan or a modified plan under section 1129 of this title;
> (7) inability to effectuate substantial consummation of a confirmed plan;
> (8) material default by the debtor with respect to a confirmed plan;
> (9) termination of a plan by reason of the occurrence of a condition specified in the plan; or
> (10) nonpayment of any fees or charges required under chapter 123 of title 28.
> 11 U.S.C. § 1112(b).

**12.** Most courts have found that cause for dismissal or conversion is not limited to the ten examples given in the statute. Although § 1112(b) does not specifically require that a bankruptcy be filed in "good faith," the majority of courts agree that a lack of good faith is incorporated into "cause" and bad faith in filing a petition is grounds for dismissal. *See, e.g., Trident Assocs. Ltd. Partnership v. Metropolitan Life Ins. Co. (In re Trident Assocs. Ltd. Partnership)*, 52 F.3d 127, 131 (6th Cir.1995); *First Nat'l Bank v. Kerr (In re Kerr)*, 908 F.2d 400, 404 (8th Cir.1990); *Fruehauf Corp. v. Jartran, Inc. (In re Jartran, Inc.)*, 886 F.2d 859, 867 (7th Cir.1989); *Phoenix Piccadilly, Ltd. v. Life Ins. Co. (In re Phoenix Piccadilly, Ltd.)*, 849 F.2d 1393, 1394 (11th Cir.1988); *Carolin Corp. v. Miller*, 886 F.2d 693, 698–700 (4th Cir.1989). Cf. *Udall v. Federal Deposit Ins. Corp., (In re Nursery Land Dev., Inc.)*, 91 F.3d 1414, 1416 (10th Cir.1996) (holding that the bankruptcy court did not abuse its discretion when it awarded sanctions against the debtor for a bad faith filing since the bankruptcy court's findings of bad faith were supported by "classic badges of a bad faith bankruptcy filing"; however, the court did not indicate under which statute it was proceeding). Neither the Appellant nor the Appellee dispute that there is a "good faith" filing requirement in 11 U.S.C. § 1112(b). Therefore, this is not a legal issue we will address here.

**13.** Any one of the following events could occur: the bankruptcy court could decide to dismiss or convert the case because subsequent events demonstrate the Debtor's bad faith; the bankruptcy court could decide to deny confirmation of the Debtor's plan because the plan has been proposed in bad faith under 11 U.S.C. § 1129(a)(3); or the current parties may reach an agreement that forecloses the bankruptcy court revisiting the issue of the Debtor's good faith.

232

■■■ Appellant argues that even if we find that he may not appeal as of right pursuant to § 158(a)(1), we should grant him leave to bring an interlocutory appeal pursuant to § 158(a)(3). An interlocutory order is one which determines some intervening matter pertaining to the overall case. 1 *Collier on Bankruptcy* ¶ 5.07[1][a] (Lawrence P. King et al., eds., 15th ed. rev.1998). Under § 158(a)(3) an interlocutory appeal may be considered "with leave" of the court. A party obtains permission from the court to file an interlocutory appeal by "filing a notice of appeal . . . accompanied by a motion for leave to appeal prepared in accordance with Rule 8003." Fed.R.Bankr.P. 8001(b). In this case, the record discloses that the Appellant never formally sought or secured leave to appeal in accordance with these rules. Debtor urges us to dismiss the appeal on these grounds.

However, the Appellant is not foreclosed from seeking interlocutory review, although he did not comply with the rules for obtaining it. Under Bankruptcy Rule 8003(c), if a party has not made a timely notice of appeal, "the district court or bankruptcy appellate panel may grant leave to appeal . . . . [or] may also deny leave to appeal but in so doing shall consider the notice of appeal as a motion for leave to appeal." Fed.R.Bankr.P. 8003(c). We will consider this appeal as a motion for leave to appeal.

■■■ Section 158(a)(3) provides no guidelines as to when it is appropriate for a district court or a bankruptcy appellate panel to grant leave to bring an interlocutory appeal. The majority of these reviewing courts, including this Court, have read the requirements of § 1292, which govern interlocutory appeals from the district court to the circuit court, into § 158(a)(3).[14] *Sorrells*, 218 B.R. at 582–83.

Under § 1292, an interlocutory appeal is appropriate when the appealed order involves a controlling question of law for which there is substantial ground for difference of opinion, and the immediate resolution of the issue will materially advance the ultimate termination of the litigation. *McCarn v. WyHy Fed. Credit Union (In re McCarn)*, 218 B.R. 154, 157 (10th Cir. BAP 1998). However, leave should be granted "with discrimination and reserved for cases of exceptional circumstances." *Id.; see also Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978). Appellant has the burden to show that the bankruptcy court's Order meets these standards. *Whirlpool Leasing Servs. v. Nucor, Inc. (In re Nucor, Inc.)*, 116 B.R. 246, 247 (D.Colo.1990).

■■■ Initially, we note that the question of whether the bankruptcy court applied the controlling law to the relevant facts is not an appropriate matter for an interlocutory appeal as it is a factual question. As a factual question, it fails the first prong of the above test. Appellant also alleges that the bankruptcy court improperly shifted the burden of proof to Appellant on the issue of the Debtor's good faith in filing the bankruptcy. We find that the Appellant incorrectly phrases this second argument as a legal issue, when it is actually a factual issue. The Appellant does not dispute the bankruptcy court's statement of where the burden of proof lies, but contends that the bankruptcy court improperly weighed the evidence. This issue is also not proper for interlocutory review. Consequently, we will not address either issue here.

Appellant argues that the issue of which legal standard to adopt when evaluating a debtor's good faith under 11 U.S.C. § 1112(b) meets the above test for the

---

**14.** *But see Hayes*, 220 B.R. at 59 (finding that it is unnecessary to read the strict requirements of 1292(b) into § 158(a)(3) to limit a district court's discretion as there is nothing in the text of § 158(a)(3), or in the constitutional or statutory relationship between bankruptcy and district courts to indicate that district courts should confine their discretion in this manner).

following reasons: 1) it is a controlling question of law since it focuses on which legal standard is appropriate to employ in evaluating a debtor's good faith in filing a Chapter 11 petition;[15] 2) there is substantial ground for disagreement as bankruptcy courts, district courts, and circuit courts do not agree on the issue of whether bad faith is conclusively established under 11 U.S.C. § 1112(b) ("§ 1112(b)") when a party files a Chapter 11 petition and through the filing avoids posting a supersedeas bond; and 3) resolution of this issue in his favor will advance the litigation since it will dispose of the bankruptcy proceeding. The Appellant has offered no reason why this appeal presents exceptional circumstances.

■■■ While the Appellant has framed this issue as fulfilling the first three prongs of the test we have established for granting interlocutory review,[16] we disagree with the conclusion that this issue is appropriate for review now. As we have noted, interlocutory review is reserved for those issues that present exceptional circumstances. *See, e.g., Patterson v. Washita State Bank (In re Denton),* 236 B.R. 418, 419 (10th Cir. BAP 1999). Exceptional circumstances that warrant interlocutory review include cases where prohibiting review would force an appellant to irrevocably lose an important right, and cases where an appellant will effectively be denied review if the proceeding progresses to its natural end. *See generally Denton,* 236 B.R. at 419. Appellant has not presented us with any exceptional factors that would warrant hearing this case prior to its ultimate resolution. In fact, as we have observed already, the judicial appraisal of this Debtor's good faith in filing a Chapter 11 petition is a preliminary assessment that is far from settled. Additionally, we note that this issue is not unreviewable, nor will the Appellants be deprived of important rights if we postpone its review until a final order in these proceedings.

For these reasons, we decline the Appellants Motion for leave to appeal.

### III. CONCLUSION

The Order the Appellant has appealed is not a final order and it is not appropriate for interlocutory review. Accordingly, we DISMISS this appeal.

---

**15.** Although Appellant also contends that this is an issue of first impression in this Circuit; this is not a completely accurate statement. Two other cases have dealt with this specific issue: one case was decided after the filing of this appeal. *In re Muskogee Envtl. Conservation Co.,* 236 B.R. 57 (Bankr.N.D.Okla.1999) (finding that the good faith of a debtor who avoids a supersedeas bond by filing a Chapter 11 petition is evaluated under § 1112(b) through a totality of the circumstances test); *In re Nichols,* 223 B.R. 353 (Bankr.N.D.Okla. 1998) (same). Additionally, in *In re Winslow,* a case cited by the bankruptcy court in this appeal, the district court adopted a test analogous to the totality of the circumstances test adopted by the bankruptcy court here. *In re Winslow,* 123 B.R. 641, 646 (D.Colo.) (finding that a debtor's good faith under § 1112(b) should be evaluated through an examination of the timing and filing of the petition, the debtor's motive in filing the petition, and the accuracies of the debtor's petition and schedules, as well as other pertinent factors), *aff'd,* 949 F.2d 401 (10th Cir.1991) (unpublished decision). As we dismiss this appeal for lack of appellate jurisdiction, we will not address the issue of which legal standard should be applied when evaluating a debtor's good faith under 11 U.S.C. § 1112(b).

**16.** *But see In re Orlan,* 138 B.R. 374, 376–77 (E.D.N.Y.1992) (finding that matters left to the bankruptcy court's discretion fail at the first prong of the test because they are not "controlling questions" that justify interlocutory review).