**F I L E D**

PUBLISH

**September 12, 2005**

**UNITED STATES COURT OF APPEALS**

**PATRICK FISHER**
**Clerk**

**TENTH CIRCUIT**

---

In re:  GAMAL AHMED
FARAGALLA and ABEER MARIE
FARAGALLA,

Debtors,

----------------------------

GAMAL AHMED FARAGALLA;
ABEER MARIE FARAGALLA,

Appellants,

v.

ACCESS RECEIVABLE
MANAGEMENT; WELLS FARGO
BANK SOUTH DAKOTA, N.A.;
EDUCAP INC.,

Appellees.

No. 04-1464

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(D.C. NO. 04-AP-1967-K)**

---

Submitted on the Briefs:     \*

---

\*After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

(continued...)

Gamal Faragalla and Abeer Faragalla, *pro se* .

Douglas W. Jessop and Steven T. Mulligan, Jessop and Company, P.C., Denver, Colorado, for Educap Inc., Appellee.

---

Before **SEYMOUR** , **HARTZ** , and **McCONNELL** , Circuit Judges.

---

**HARTZ** , Circuit Judge.

---

Appellants Gamal Ahmed and Abeer Marie Faragalla, proceeding pro se, appeal the district court's order dismissing their appeal from the United States Bankruptcy Court for the District of Colorado. The district court found the notice of appeal untimely and dismissed for lack of jurisdiction. We have jurisdiction under 28 U.S.C. § 158(d) and reverse.

In an order dated September 10, 2004, the bankruptcy court denied the Faragallas' motions for default judgment and to vacate settlement conference, but granted a motion to strike one of their pleadings. The order was recorded as item 22 in the docket as follows:

> 9/10/2004   Order Granting Motion To Strike And Denying Motion
> For Default Judgment And Denying Motion To Vacate
> Settlement Conference (related document(s) <u>12</u> Motion
> to Vacate, <u>19</u> Motion to Strike, <u>13</u> Response, <u>7</u> Motion
> for Default Judgment). (vxd) (*Entered: 09-13-2004*)

---

[*](...continued)
therefore ordered submitted without oral argument.

R. Vol. I Bankruptcy Docket (emphasis added).

The Faragallas appealed to the United States District Court for the District of Colorado. *See* 28 U.S.C. § 158(a). The stamp on their notice of appeal establishes that it was filed on September 21, 2004. EduCap Inc. and Wells Fargo Bank South Dakota, N.A. (collectively, the Lenders), the real parties in interest, filed a motion to dismiss the appeal, arguing that (1) the notice of appeal was untimely and, in the alternative, (2) dismissal was appropriate because the Faragallas failed to file a motion for leave to appeal an interlocutory order. *See* Fed. R. Bankr. P. 8001(a) and 8002(a). The district court found the notice of appeal to be untimely and dismissed the appeal for lack of jurisdiction. *See* *Herwit v. Deyhimy*, 970 F.2d 709, 710 (10th Cir. 1992) (failure to file timely notice of appeal is a jurisdictional defect). The Faragallas then appealed to this court.

Under Federal Rule of Bankruptcy Procedure 8001(a), appeals from orders and judgments of bankruptcy courts may be taken to the district court in conformity with the requirements of 28 U.S.C. § 158(a) and Bankruptcy Rule 8002. Appeals from "final judgments, orders, and decrees" may be taken as of right. 28 U.S.C. § 158(a)(1); *see* Fed. R. Bankr. P. 8001(a). But interlocutory orders and decrees ordinarily may be appealed only "with leave of the court." 28 U.S.C. § 158(a)(3); *see* Fed. R. Bankr. P. 8001(b). Rule 8002(a) requires that

"[t]he notice of appeal shall be filed with the clerk within 10 days of the date of the *entry* of the judgment, order, or decree appealed from." (emphasis added). *See* Fed. R. Bankr. P. 9021 ("A judgment is effective when entered as provided in Rule 5003.") The clerk must keep a docket for each case and "enter thereon each judgment, order, and activity in that case." Fed. R. Bankr. P. 5003(a). "The entry of a judgment or order in a docket shall show the date the entry is made." *Id.*; *see Stelpflug v. Fed. Land Bank of St. Paul*, 790 F.2d 47, 49 (7th Cir. 1986) (per curiam) ("When entering an order on the docket, the clerk of the bankruptcy court is required to make a notation in the docket to show the date the entry was made, pursuant to Bankruptcy Rule 5003(a).")

The district court erred in assuming that judgment was entered on the date the order was signed by the bankruptcy judge. Although this may be true in some cases, it is not true in all. "The signing of the order or judgment by the judge does not constitute an 'entry' by the judge. The entry occurs when it is noted on the docket and thereby becomes public. . . . A document is *entered* when the clerk makes the notation on the official public record, the docket, of the activity or submission of the particular document." *United States v. Henry Bros. P'ship*, 214 B.R. 192, 195 (B.A.P. 8th Cir. 1997).

In this case the bankruptcy judge's signed order is dated Friday, September 10. The docket entry, however, indicates that the order was not

entered by the clerk until the following Monday, September 13. *See Stelpflug*, 790 F.2d at 50 (hypothesizing the identical situation). Thus, the 10-day filing period did not begin to run until September 13 and expired September 23. The Faragallas' September 21 notice of appeal was timely.

The Lenders also argued to the district court that it should dismiss the appeal because the Faragallas failed to file a motion for leave to appeal an interlocutory order. They are correct that the Faragallas are appealing an interlocutory order. "Generally, an order is final if it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *In re Durability, Inc.*, 893 F.2d 264, 265 (10th Cir. 1990). In the bankruptcy context we apply the general rule to "the particular adversary proceeding or discrete controversy pursued within the broader framework cast by the petition." *Id.* at 266. Even under this narrower application of the general rule, the order appealed by the Faragallas is interlocutory because it does not resolve the merits. *See, e.g., Grandbouche v. Clancy*, 825 F.2d 1463, 1468 (10th Cir. 1987) (denial of motion for default judgment is an interlocutory order).

The Faragallas' appeal from the bankruptcy court therefore must proceed, if at all, under 28 U.S.C. § 158(a)(3). To proceed under that provision, they must file a motion for leave to appeal with the district court in accordance with Fed. R. Bankr. P. 8003. *See* Fed. R. Bankr. P. 8001(b). Nevertheless, if the appellant

fails to file the required motion but files a timely notice of appeal, Rule 8003(c) requires the district court to make one of the following three choices: (1) grant leave to appeal, (2) order the party to file a motion for leave to appeal, or (3) deny leave to appeal after considering the notice of appeal as a motion for leave to appeal. *See In re Am. Freight Sys., Inc.*, 153 B.R. 316, 319 (D. Kan. 1993). Because the district court dismissed the Faragallas' appeal for lack of jurisdiction after mistakenly finding it untimely, we cannot say what course of action the district court would have taken had it realized it had jurisdiction.

We REVERSE the district court's dismissal and REMAND to the district court for further proceedings. We DENY the Faragallas' "Emergency Motion to Withdraw the Appeal and to Return the Case to Bankruptcy Court for Investigation of Fraudulent Activities by Appelles [sic]."