**In re John David TADLOCK, doing business as Tadlock Equipment Co. and Joan Linihan Tadlock, Debtors.**

**R. Michele Russell, Trustee, Plaintiff—Appellee,**

**v.**

**John David Tadlock and Joan Linihan Tadlock, Defendants—Appellants,**

and

**Risk Management Alternatives and Mark Foxwell, Defendants.**

**BAP No. WY–05–074.**
**Bankruptcy No. 04–20249.**
**Adversary No. 04–2084.**

United States Bankruptcy Appellate Panel of the Tenth Circuit.

March 10, 2006.

Submitted on the briefs: *

Stephen R. Winship of Winship & Winship, P.C., Casper, Wyoming, for Defendants—Appellants.

Paul Hunter, Cheyenne, Wyoming, for Plaintiff—Appellee.

Before CLARK, BOHANON, and MICHAEL, Bankruptcy Judges.

## OPINION

BOHANON, Bankruptcy Judge.

For the reasons outlined below, the Court hereby REVERSES and REMANDS to the bankruptcy court.

### Background

The facts of this appeal are undisputed and straight forward.

When they filed their petition, the Appellants–Debtors listed their home with a value of $99,000 encumbered by liens exceeding its value. One of the lien creditors moved to modify the stay to proceed with foreclosure which was unopposed and granted. The Trustee then filed a Report of No Distribution and the case was closed. The Trustee undertook no steps to determine the property's value nor did she seek to except the property from abandonment as provided by 11 U.S.C. § 554(c).[1] For reasons unknown, one of the other creditors having a security interest in the property released its lien shortly after the case was closed. At the subsequent sheriff's sale, the property sold for considerably more than the remaining liens against it. The Debtors received their homestead exemptions provided by Wyoming law[2] and the remaining sum, almost $37,000, was paid to the Trustee.

The Trustee then moved to reopen the case to administer the surplus and determine if it was property of the estate or property of the Debtors. This motion was granted, and the fund was paid to the clerk of the bankruptcy court. The Trustee then filed an interpleader complaint in the bankruptcy court, disavowing any interest in the fund. At a hearing on a motion arising in the adversary proceeding, the court "suggested" that the Trustee raise the issue of whether or not the surplus was property of the bankruptcy estate and directed briefing on this issue. In her brief, the Trustee for the first time argued she committed "excusable neglect" in not retaining the estate's interest in the property. She did not amend her complaint to allege excusable neglect nor did she move for relief from the order closing the case and abandoning the estate's interest in the property.

---

* The parties did not request oral argument, and after examining the briefs and appellate record, the Court has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. Bankr.P. 8012. The case is therefore ordered submitted without oral argument.

1. 11 U.S.C. § 554(c) provides that "[u]nless the court orders otherwise, any property scheduled under section 521(1) of this title, not otherwise administered at the time of closing of a case is abandoned to the debtor ...."

2. Under Wyoming law, each Debtor was entitled to an exemption of $10,000. *See* Wyo. Stat. § 1–20–101 (2005).

The bankruptcy court then found that the order of abandonment should be revoked under Rule 60(b) of the Federal Rules of Civil Procedure, made applicable in bankruptcy cases and proceedings by Rule 9024 of the Federal Rules of Bankruptcy Procedure.

The reason the bankruptcy court gave for its ruling is that

> [T]he information available to the trustee at the time she filed her no asset report showed a property with no equity for the estate. The trustee had no reason to know the [primary secured creditor] . . . would release its lien. Nor was she aware that the Tadlocks would attempt to obtain the proceeds possibly encumbered by the judgment lien of [a judgment creditor]. . . .
>
> . . .
>
> The issue is whether the trustee's abandonment should be revoked for mistake or inadvertence or excusable neglect, not whether the equity in the property grew due to some postpetition action taken by the debtors. The court concludes the abandonment should be revoked [and] the estate may assert a right to the proceeds . . . .

Aplt.App. at 13.

The bankruptcy court then announced that the issue concerning who was entitled to the surplus would be decided by summary judgment. Still, the Trustee did not amend her complaint or move to reopen the case. The bankruptcy court then declared the surplus was property of the estate because "[t]he Debtors' interest in surplus proceeds under the foreclosure statutes was a right the debtors owned on the date they filed the petition and that

right belongs to the estate." Aplt.App. at 8. In concluding, the court *sua sponte* amended the interpleader complaint "to include a claim for declaratory judgment as to the estate's interest in the proceeds vis a vis the debtors". Aplt.App. at 9, ¶ 1. This appeal followed.

### *Standard of Review*

■ We review an order granting summary judgment under the *de novo* standard. *See Spear v. Schafler (In re Schafler)*, 263 B.R. 296, 303 (N.D.Cal.2001).[3]

### *Discussion*

The issues are thus two pronged: first, whether the court erred in reopening the case, resulting in revocation of the abandonment; and, second, whether the court erred in concluding the Trustee's Report of No Distribution was made due to excusable neglect. We conclude it erred on both counts and reverse, directing that the bankruptcy court order the surplus in the hands of the clerk be paid to the Debtors.

■ The Trustee had two options before making the Report of No Distribution which resulted in the abandonment. She could have made an accurate determination of the property's value by appraisal or otherwise or she could have sought to except any equity in the property from the order of abandonment. *See* 5 *Collier on Bankruptcy* ¶ 554.02[7], at 554–11 (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev.2002). In this case, she did neither and simply allowed the property to be abandoned from the estate when the case was closed.

---

3. In his dissent, Judge Clark opines that the correct standard of review is for abuse of discretion and that the orders under consideration are interlocutory. We conclude that regardless of the correct standard of review, the orders meet either criterion and to the extent the orders may be interlocutory we grant leave to appeal. *See In re Faragalla*, 422 F.3d 1208, 1211 (10th Cir.2005).

The *Collier's* treatise goes on to say:

> When there is no court order directing abandonment and unless the court orders otherwise, the language of subsection (c) deems abandoned to the debtor *any* scheduled property of the estate that is unadministered at the close of the case. Normally, if property has been scheduled accurately it is the trustee's duty to investigate whether the property has value to the estate and decide before the case is closed whether to administer [the] property. A debtor has no duty to inform the trustee of changes in the value of the property that occur after the petition, and such a change in value is not cause for the case to be reopened to revoke abandonment.

*Id. See also In re Arboleda,* 224 B.R. 640, 645–46 (Bankr.N.D.Ill.1998) (denying relief to trustee where trustee had ample notice of transfers from debtor to her sister that could have been avoided for the benefit of the estate yet trustee did nothing to prevent technical abandonment).

In other words, once scheduled property is abandoned, it is not cause to reopen the case to vacate the order of abandonment. *See id.* at 646–47. The way for a trustee to deal with a situation such as the one at hand is either to sell the property or seek an exception to the closing order.

This is highlighted by *In re Adair,* 253 B.R. 85 (9th Cir. BAP 2000). There, an asset was scheduled and abandoned upon close of the case. Subsequently, the asset was found to have considerable value, but the appellate court affirmed the bankruptcy court's determination that the case not be reopened because " 'abandonment is irrevocable, even if it is subsequently discovered that the abandoned property had greater value than previously believed.' " *Id.* at 88. It goes on to say that revocation is appropriate only where the "trustee is misled by false or incomplete information." *Id.* at 89. Here, there is no suggestion that the Debtors provided false or incomplete information in their schedules.

We thus conclude it was reversible error for the court to grant the Trustee's motion for summary judgment.

In reaching its decision to revoke the abandonment, the trial court relied on the decision of the Court of Appeals for the Tenth Circuit in *In re Woods,* 173 F.3d 770 (10th Cir.1999). We believe the cases must be distinguished on their facts. In *Woods,* a case was reopened and the order of abandonment vacated under Rule 60(b). The Court of Appeals concluded that the case had been closed inadvertently because the closing occurred while a sale of the assets was pending but had not yet been completed. The trustee filed his final report at the urging of the trial court, and the Court of Appeals concluded it would be inequitable to give a debtor property to the considerable detriment of a good faith purchaser. Furthermore, and most importantly, a plan of reorganization had already been confirmed, giving the trustee authority to sell the property and distribute the proceeds to creditors. In other words, the revocation of the technical abandonment in *Woods* was proper since it was necessary to carry out the terms of the confirmed plan.

The cases are dissimilar on their facts, and we do not believe *Woods* dictates the same result on the facts of this case.

We also recognize the need for finality in bankruptcy cases and the need for debtors to rely on the conclusiveness of bankruptcy proceedings as they move beyond bankruptcy. *See In re Atkinson,* 62 B.R. 678, 680 (Bankr.D.Nev.1986) (noting that debtors act in reliance on the trustee's technical abandonment of assets).

440

## CONCLUSION

Accordingly, we REVERSE the bankruptcy court's decision granting summary judgment in favor of the Trustee and REMAND to the bankruptcy court with directions to order the clerk to pay over the surplus funds together with any interest earned thereon to the Debtors.

CLARK, Bankruptcy Judge, Dissenting.

I respectfully dissent. The majority states that the issues are two pronged: first, whether the court erred in reopening the case, resulting in revocation of the abandonment; and, second, whether the court erred in concluding the trustee's Report of No Distribution was made due to excusable neglect. Having correctly stated the issues, the majority misstates the standard of review for the issues before this court as *de novo* based upon a summary judgment standard.[4] The correct standard of review is abuse of discretion.

The standard of review of an order reopening a closed case is for an abuse of discretion. *In re Parker*, 264 B.R. 685, 691 (10th Cir. BAP 2001), *aff'd* 313 F.3d 1267 (10th Cir.2002) (The Code gives the bankruptcy court broad discretion in deciding whether to reopen a closed case.).

The standard for review of an order revoking abandonment is also for an abuse of discretion. The authority to revoke an abandonment under Rule 60(b) is circumscribed by the standards governing Rule 60(b) relief. *In re Woods*, 173 F.3d 770, 780 (10th Cir.1999). Rule 60(b) orders are afforded substantial discretion[5] and should only be reversed if there is a complete absence of a reasonable basis for the order and there is a certainty that the lower court's decision is wrong. *Plotner v. AT & T Corp.*, 224 F.3d 1161, 1174 (10th Cir. 2000).

An appellate court should not rush to reverse a trial court's order based upon its sound discretion. This is particularly true with respect to orders granting a motion to reopen and to revoke abandonment, which the Court of Appeals for the Tenth Circuit states is entitled to broad discretion and should be reversed only under limited circumstances. The majority's opinion does not describe an adequate basis upon which to reverse an order which must be granted broad discretion on appeal, and its reversal of the bankruptcy court's order revoking abandonment certainly does not meet the requirements defined in *Plotner*. The bankruptcy court's discretionary decision

---

4. The *de novo* standard, which applies to summary judgment rulings, should be applied to the bankruptcy court's summary judgment ruling. The bankruptcy court's summary judgment ruling relied upon the undisputed facts presented to the court by the parties and was viewed in the light most favorable to the Appellant–Debtors. To reverse the bankruptcy court's order granting summary judgment, this court must construe the same set of undisputed facts construed in the light most favorable to the Trustee. The majority has made no mention of construing the facts in the light most favorable to the Trustee for a good reason. The issue does not involve summary judgment. It involves the bankruptcy court's orders to reopen and to revoke abandonment, neither of which is an order grant-

ing summary judgment. Both of the orders dealt with by the majority are subject to an abuse of discretion standard of review by this Court.

5. The standard of review for an appeal based upon an appellant's contention that a trial court abused its discretion with respect to a Rule 60(b) motion is "meaningfully narrower" than the review of the merits of a direct appeal. In reviewing the matter, an appellate court must look to the record in its entirety to see if the trial judge clearly ignored excusable conduct or failed to recognize some other compelling reason for relief to be granted. *Lindberg v. United States*, 164 F.3d 1312, 1322 (10th Cir.1999).

to reopen and revoke the abandonment should not be reversed.

There is additional cause to dissent from the majority. On September 29, 2004, the bankruptcy court entered its order reopening the case. No timely appeal from the order reopening was filed. On April 1, 2005, the bankruptcy court entered its order revoking the abandonment. No timely appeal from the order revoking abandonment was filed.

If, the order reopening and the order revoking abandonment are both final orders,[6] the notice of appeal with respect to these issues is untimely and this Court lacks jurisdiction to consider the appeals.

If the order reopening and the order revoking abandonment are both interlocutory, then, this Court must first consider the standards announced in *In re Faragalla*, 422 F.3d 1208 (10th Cir.2005), before dealing with the merits of the appeal.[7] Granting leave for interlocutory appeals should be done only in exceptional circumstances. *Patterson v. Washita State Bank (In re Denton)*, 236 B.R. 418, 419 (10th Cir. BAP 1999).

In either case, whether final or interlocutory, this Court must deal with these threshold matters before rushing to reversal.

---

6. In a bankruptcy context, an order is final if it ends the discrete controversy pursued within the broader framework cast by the petition. *In re Durability, Inc.*, 893 F.2d 264, 266 (10th Cir.1990).

7. To appeal an interlocutory order, an appellant must proceed, if at all, under 28 U.S.C. § 158(a)(3) which requires a motion for leave to appeal. If the appellant fails to file the required motion but files a timely notice of appeal, Rule 8003(c) requires the district court to make one of the following three choices: 1) grant leave to appeal, 2) order the party to file a motion for leave to appeal, or 3) deny leave to appeal after considering the notice of appeal as a motion for leave to appeal. Ruling on the merits of the appeal without first considering one of the three choices is error. *Faragalla*, 422 F.3d at 1211.