FILED
U.S. Bankruptcy Appellate Panel
of the Tenth Circuit

January 20, 2016

Blaine F. Bates
Clerk

PUBLISH

# UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE TENTH CIRCUIT

_____

IN RE STEPHEN NICOLAS LYNCH and
GWENNA KAY LYNCH,

       Debtors.

_____

STEPHEN NICOLAS LYNCH,

       Appellant,

v.

PATRICK J. MALLOY, III, Trustee,

       Appellee.

BAP No. NO-15-054


Bankr. No. 11-12457
Chapter 7


MEMORANDUM
OPINION & ORDER

_____

Appeal from the United States Bankruptcy Court
for the District of Oklahoma Northern

_____

Martha L. Hyde of Oklahoma Bankruptcy Advocates, PLLC, Tulsa, Oklahoma, for
Appellant.

Patrick J. Malloy, III, of Malloy Law Firm, P.C., Tulsa, Oklahoma, for Appellee.

_____

Before **KARLIN**, Chief Judge, **JACOBVITZ**, and **MOSIER**, Bankruptcy Judges.

_____

Appellant Stephen Nicolas Lynch appeals from the bankruptcy court's *Order*

*Denying Motion for Reconsideration and Directing Debtor to Produce Documents and*

*Appear for 2004 Exam* (the "Reconsideration Order"). Because we conclude that the Reconsideration Order is not a final order, the Court dismisses this appeal.

## I.    Background

Appellant and his spouse, Gwenna Kay Lynch, filed a Chapter 11 case in August 2011. The case was converted to Chapter 7 in October 2011 and Patrick J. Malloy ("Trustee") was appointed as Trustee. Appellant filed an adversary proceeding in November 2014, naming the Trustee and the Honorable Terrence L. Michael as defendants, among other parties.[1] The bankruptcy court dismissed the adversary proceeding in May 2015,[2] and within a few weeks, the Trustee filed his *Motion for 2004 Exam of Debtor* (the "First 2004 Exam Motion") in the bankruptcy court [Bankr. Dkt. Entry 174] to investigate the Debtor's source for funding the adversary proceeding. The bankruptcy court entered the *Order* granting the First 2004 Exam Motion (the "2004 Exam Order") on June 18, 2015 [Bankr. Dkt Entry 179]. Appellant filed a motion to vacate the 2004 Exam Order [Bankr. Dkt. Entry 182] and the bankruptcy court entered the *Order* denying the motion to vacate (the "Order Denying Motion to Vacate") a week later. [Bankr. Dkt. Entry 183]. Appellant filed a timely notice of appeal of the Order Denying Motion to Vacate to the district court, but voluntarily dismissed the appeal a few months later in early September 2015 [Bankr. Dkt. Entry 195].

---

[1] Adversary Proceeding No. 14-01059.

[2] Appellant filed a notice of appeal of the dismissal to the district court, which is pending in the Northern District of Oklahoma, Case No. 15-cv-00364.

2

Thereafter, the Trustee filed *Trustee's Renewed Motion for 2004 Exam of Debtor* (the "Second 2004 Exam Motion") on September 16, 2015 [Bankr. Dkt. Entry 201], which the bankruptcy court granted the following week. [Bankr. Dkt. Entry 203]. Appellant moved to quash that Second 2004 Exam Motion on October 8, 2015 [Bankr. Dkt. Entry 205], which the bankruptcy court denied the following day. [Bankr. Dkt. Entry 209]. The Trustee then filed his *Motion for Order Compelling Debtor to Answer 2004 Exam Questions* (the "Motion to Compel") [Bankr. Dkt. Entry 208], which the bankruptcy court granted on October 27, 2015 [Bankr. Dkt. Entry 210] without holding a hearing or waiting for a response from Appellant.

After the bankruptcy court granted the Motion to Compel, Appellant requested additional time to object. The bankruptcy court approved the request for additional time and Appellant filed his objection to the *Order* granting the Motion to Compel (the "Objection") on November 5, 2015 [Bankr. Dkt. Entry 213]. The Trustee replied to the Objection on November 9, 2015 [Bankr. Dkt. Entry 214], and the bankruptcy court entered a second *Order* granting the Motion to Compel on November 12, 2015 [Bankr. Dkt. Entry 215]. The Trustee filed a motion requesting an amendment to the *Order* granting that Motion to Compel [Bankr. Dkt. Entry 216] and the bankruptcy court entered the *Order Setting Deadline for Production of Documents and Rescheduling 2004 Examination* (the "Amended Order") on November 17, 2015 [Bankr. Dkt. Entry 217].

Appellant filed the *Motion for Reconsideration and Vacation of Amended Order and Order Granting Trustee's Motion for Order Compelling Debtor to Answer Rule 2004*

3

*Exam Questions; To Compel Debtor to Produce Documents; to Reschedule 2004 Exam*

*for Purposes of Complying with the Prior Orders of this Court and to Asses[s] Attorney*

*Fees and Costs Pursuant to Fed.R.Civ.P. 30(d)(2); Motion for Attorney Fees and Costs*

*Pursuant to Fed.R.Civ.P. 26(g)(3); and Motion for Disgorgement of Fees Paid to Trustee*

*Pursuant to the Terms of 11 USC § 328(c)* (the "Motion to Reconsider") on November

30, 2015 [Bankr. Dkt. Entry 219], requesting that the bankruptcy court reconsider the

Amended Order, among other relief.  The bankruptcy court entered the Reconsideration

Order on December 1, 2015 [Bankr. Dkt. Entry 220], denying the Motion to Reconsider.

Later that same day, Appellant filed the *Notice of Appeal* [BAP ECF No. 1].

This Court immediately entered its *Order to Show Cause* [BAP ECF No. 3],

ordering Appellant to file a memorandum of law regarding whether the appeal was of an

interlocutory order(s) or whether leave to appeal should be granted.  The *Order to Show*

*Cause* noted that the *Notice of Appeal* referenced orders that the bankruptcy court may

not have considered or ruled on within the Reconsideration Order.  In effort to clarify the

order appealed, Appellant filed an amended *Notice of Appeal* (the "Amended Notice of

Appeal") on December 3, 2015, indicating Appellant intended to appeal only the

Reconsideration Order [BAP ECF No. 4].

Appellant timely filed his *Response to Order to Show Cause* [BAP ECF No. 5],

and the Trustee timely replied [BAP ECF No. 13].  In addition to his reply, the Trustee

also filed *Appellee's Motion for Sanctions Pursuant to Fed. R. Bank. App. Pro. 8020 and*

4

*This Court's Inherent Power* (the "Motion for Sanctions") [BAP ECF No. 15], requesting that the Court impose sanctions against Appellant for filing a frivolous appeal.

## II.     *Jurisdictional Basis*

This Court has jurisdiction to hear timely-filed appeals from "final judgments, orders, and decrees . . . entered in cases and proceedings" of bankruptcy courts within the Tenth Circuit, unless one of the parties elects to have the district court hear the appeal.[3] "Generally, an order is final if it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."[4] Furthermore, "[i]n the bankruptcy context we apply the general rule to 'the particular adversary proceeding or discrete controversy pursued within the broader framework cast by the petition.'"[5]

## III.     *Discussion*

Appellant argues the Reconsideration Order is a final order because it determines a discrete discovery dispute within the broader scope of the bankruptcy case. Accordingly, Appellant asserts that upon entry of the Reconsideration Order, all that was left to do was to execute the Amended Order.

---

[3] 28 U.S.C. § 158(a)(1), (b)(1), and (c)(1); Fed. R. Bankr. P. 8002, 8005; 10th Cir. BAP L.R. 8005-1.

[4] *Adelman v. Fourth Nat'l Bank & Tr. Co., N.A. (In re Durability, Inc.)*, 893 F.2d 264, 265 (10th Cir. 1990).

[5] *In re Faragalla*, 422 F.3d 1208, 1210 (10th Cir. 2005) (quoting *Adelman v. Fourth Nat'l Bank*, 893 F.2d at 266).

In ordinary litigation in federal district court, and in adversary proceedings in bankruptcy court, the litigation ordinarily ends when the court issues its final decision. Bankruptcy cases, however, are different. They involve

> an aggregation of individual controversies, many of which would exist as stand-alone lawsuits but for the bankrupt status of the debtor. Accordingly, Congress has long provided that orders in bankruptcy cases may be immediately appealed if they finally dispose of discrete disputes within the larger case. The current bankruptcy appeals statute reflects this approach: It authorizes appeals as of right not only from final judgments in cases but from "final judgments, orders, and decrees . . . in cases and proceedings." § 158(a).[6]

In *Bullard*, the Supreme Court addressed what is the relevant "proceeding," as that term is used in § 158(a), to determine whether an order is final and appealable. The Court held that in a Chapter 13 case the relevant "proceeding" for purposes of determining whether an order relating to confirmation of a plan is a final order is not necessarily the discrete contested matter in which plan confirmation is litigated but instead is the "process of attempting to arrive at an approved plan."[7] An order denying confirmation of a plan is not a final order because it does not resolve whether a plan should ultimately be confirmed in the case.[8] A bankruptcy case involves a myriad of contested matters. If every order resolving a contested matter were considered a final, appealable order, it would defeat the very "reason for a rule of finality" in appellate

---

[6] *Bullard v. Blue Hills Bank*, 135 S.Ct. 1686, 1692 (2015) (internal citations, emphasis, and quotations omitted).
[7] *Id.*
[8] *Id.* at 1693.

review, which is to avoid "delays and inefficiencies."[9]  A "proceeding" should not be

defined "so narrowly that the requirement of finality would do little work as a meaningful

constraint on the availability of appellate review."[10]

Appellate courts have reached different conclusions on whether an order for a

Rule 2004 examination is a discrete dispute that sufficiently concludes a "proceeding."

For example, the court in *In re Gray* held that "[t]he fact that issues might arise that

require further action from the Bankruptcy Court is sufficient to establish that [a] Rule

2004 order did not finally dispose of the discrete dispute" between the parties, rendering

the order interlocutory.[11]  Other courts have held that where "there is no indication that

further action by the bankruptcy court will be forthcoming, an order concerning Rule

2004 examinations should properly be considered final."[12]

In the present case, Appellant's Chapter 7 case is still pending and the Trustee has

requested the Rule 2004 examination to determine if Appellant has additional assets not

---

[9] *Id.*

[10] *Id.*

[11] 447 B.R. 524, 532 (E.D. Mich. 2011); *see also In re Royce Homes, LP*, 466 B.R. 81, 88 (S.D. Tex. 2012) (an order granting 2004 exam "at most resolves a discrete issue, not a discrete dispute"); *In re Kaiser Grp Int'l, Inc.*, 400 B.R. 140, 144 (D. Del. 2009) (order on 2004 exam did not fall into exception where denial of discovery would be unreviewable after the final resolution of the underlying action); *W.S. Badcock Corp. v. Beaman*, No. 14-169, 2015 WL 575422 at *1 (E.D.N.C. 2015) (Rule 2004 order on appeal is not a final order).

[12] *In re Blinder, Robinson & Co.*, 127 B.R. 267, 272-73 (D. Colo. 1991); *see also In re Hawley Coal Mining Corp.*, 47 B.R. 392 (S.D.W.V. 1984) (appeal of order on Rule 2004 exam was final); *In re Buckner*, No. EO-00-073, 2001 WL 992063, 271 B.R. 213 (10th Cir. BAP Aug. 30, 2001) (appeal was final where postconfirmation Rule 2004 exam was a separate proceeding and there was no indication of further action by bankruptcy court).

disclosed in his bankruptcy petition and schedules.  Issues may arise that require further action from the bankruptcy court relating to the information discovered from the Rule 2004 examination or what transpires in connection with the examination itself.  The Reconsideration Order and the underlying orders it addresses do not resolve a "proceeding" for purposes of finality.  If the type of Rule 2004 discovery order the bankruptcy court issued were considered a final, appealable order, it would defeat the purposes of the finality rule in appellate review by causing delays, inefficiencies, and undue expense in the litigation of controversies.[13]  Therefore, the Reconsideration Order is interlocutory.  Appellant has not sought leave to appeal, and we decline to grant leave in any event under these facts.

With respect to the Motion for Sanctions, the Trustee appears to suggest Appellant should be sanctioned based on the Trustee's allegations of Appellant's bad faith actions in the court below and for filing the *Notice of Appeal*.  This Court is not the appropriate forum to seek redress in the first instance for Appellant's alleged sanctionable conduct before the bankruptcy court.  Further, simply filing a notice of appeal of an interlocutory order is not typically grounds for requesting sanctions, particularly in this case where, as the previously cited authority suggests, a Rule 2004 examination order may be final in certain circumstances.

For the reasons stated above, it is HEREBY ORDERED that:

---

[13] *Cf. S.E.C. v. Merrill Scott & Assoc. Ltd.*, 600 F.3d 1262, 1270 (10th Cir. 2010) ("Discovery orders entered during the course of litigation ordinarily are not 'final.'").

1. This Appeal is DISMISSED.

2. The Trustee's Motion for Sanctions is DENIED.

3. All deadlines previously set in this appeal are VACATED.